HENDRY, Judge.
The appellant was charged with unlawful possession of marijuana. She pleaded not guilty and waived jury trial. Her trial resulted in a conviction and sentence of six months confinement in the state penitentiary.
Appellant seeks reversal on the grounds (1) that the trial court erred in not suppressing the evidence which was obtained when it fell from appellant’s brassiere while she was at the hospital being prepared for a medical examination by a hospital attendant; (2) that the conviction was based upon insufficient circumstantial evidence and (3) that the state failed to prove a material element of the charge as alleged in the information.
The defendant had been drinking and had an accident while driving her automobile. She was arrested for the offense and taken to the Dade County Jail. Twelve hours later and at the request of the defendant, she was taken from the jail to Jackson Memorial Hospital for medical attention. While being prepared for the physical examination by a hospital attendant, a bottle of marijuana fell from defendant’s brassiere. She was later charged with possession of a narcotic drug, to-wit: marijuana.
The charge of possession of marijuana was based upon the evidence that fell from her brassiere while she was being prepared by one of the hospital attendants for medical attention at a time when the defendant was in great pain and not fully conscious.
The appellant contends that it was error for the trial judge to deny her motion to suppress the evidence obtained in such manner and under such circumstances. Her argument being that the search was not made pursuant to a valid and legal arrest because the prior arrest had taken place about twelve hours prior to the discovery of the marijuana on her person, and no such discovery was made while she was in jail on the charge for which she was originally arrested.
The Fourth Amendment does not proscribe all searches, but only those which are unreasonable. United States v. Fuller, 277 F.Supp. 97. (D.D.C., 1967). We find no error in the trial court’s denial of the motion to suppress. In Vauss v. United States, 125 U.S.App.D.C. 228, 370 F.2d 250 (1966) the court said:
“Perhaps because in a typical factual setting of arrest plus discovery and seizure of evidence the arrest occurs first and the search and seizure are incidental to it, there is a tendency to forget momen *531 tarily that evidence can be seized in other ways than by arrest, or by formal warrant. Admissible evidence may be acquired before or after an arrest or without an arrest. If discovered by search, its admissibility turns on whether the search was lawful, i. e., reasonable in the circumstances. That so reasonable a search as occurred here happens to yield evidence of a crime as a byproduct even though not so intended is irrelevant. A search of one found in an unconscious condition is both legally permissible and highly necessary. There is a positive need to see if the person is carrying some indication of a medical history, the rapid discovery of which may save his life; there is also a need to identify persons so found in order to notify relatives or friends. That the cause of appellant’s being unconscious was not known in no way impaired but rather enhanced the need and inherent power to search appellant.”
We have also considered the other points on appeal and have concluded that no reversible error has been made to appear. Hoover v. State, Fla.App.1968, 212 So. 95; Dreger v. State, Fla.App.1969, 228 So.2d 431; Borras v. State, Fla.1969, 229 So.2d 244. Accordingly, the judgment and sentence are affirmed.
Affirmed.