574 So.2d 1129 (1991)
Luis E. DELGADO, Angel Medina, Wilfredo Delgado, Appellants,
v.
The STATE of Florida, Appellee.
Nos. 89-849, 89-119 and 89-621.
District Court of Appeal of Florida, Third District.
January 22, 1991.
Rehearing Denied March 19, 1991.
*1130 Kogen & Kogen, and Max B. Kogen, Coral Gables, for appellant Luis E. Delgado.
Peter Raben, Coconut Grove, for appellant Angel Medina.
Bennett H. Brummer, Public Defender, and Robert Kalter, Asst. Public Defender, for appellant Wilfredo Delgado.
Robert A. Butterworth, Atty. Gen., and Giselle D. Lylen, Asst. Atty. Gen., for appellee.
Before COPE, GERSTEN and GODERICH, JJ.
GODERICH, Judge.
Luis Delgado, Wilfredo Delgado and Angel Medina, were charged by information with fifteen offenses which allegedly occurred during a home invasion robbery. The defendants were jointly tried and found guilty of twelve of the fifteen counts. Their appeals have been consolidated.
Before trial, Wilfredo Delgado and Angel Medina filed a motion to sever their trials from codefendant Luis Delgado's trial. In support of the motion to sever, Wilfredo Delgado and Angel Medina alleged that Luis Delgado gave a confession to a police officer which implicated them in the crimes charged in the information. The trial court denied the motion to sever; however, it ordered the State to redact the confession. See Fla.R.Crim.P. 3.152(b)(2).
During trial, codefendant Luis Delgado's redacted confession was introduced to the jury by Detective Lewis of the Metro-Dade Police Department. Detective Lewis' testimony did not contain any direct reference to either Wilfredo Delgado or Angel Medina; however, Detective Lewis' testimony made several references to "him and some other subjects," "they," "other individuals," "two persons," "another individual," "other persons," etc. The jury, however, was repeatedly instructed by the trial court that Luis Delgado's confession did not apply to either Wilfredo Delgado or Angel Medina, but applied only to Luis Delgado.
Wilfredo Delgado and Angel Medina contend that they were denied their sixth amendment right of confrontation since codefendant Luis Delgado's incriminating confession was introduced at their joint trial although Luis Delgado did not testify. We disagree.
A defendant's sixth amendment right to confront his accuser is violated when a codefendant's confession, which incriminates the defendant, is admitted into evidence and the codefendant does not testify. Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). In addressing the Bruton issue, the court in Cook v. State, 353 So.2d 911 (Fla. 2d DCA 1977), cert. denied, 362 So.2d 1052 (Fla. 1978), stated, and we agree, that the proper standard is that "if the jury was `highly likely' to determine from a codefendant's statement that the defendant was the nameless individual incriminated by the statement, a Bruton violation has occurred, even if the inference drawn from the codefendant's statement is incriminating only when considered in light of other evidence offered at trial." Cook, 353 So.2d at 914 (citing State v. Williams, 27 Ariz. App. 279, 554 P.2d 646 (1976)); see Richardson v. Marsh, 481 U.S. 200, 107 S.Ct. 1702, 95 L.Ed.2d 176 (1987); United States v. Wingate, 520 F.2d 309 (2d Cir.1975), cert. denied, 423 U.S. 1074, 96 S.Ct. 858, 47 L.Ed.2d 84 (1976). In the instant case, assuming arguendo that a Bruton violation did occur, such error is harmless in light of the cautionary instructions given to the jury and the overwhelming evidence presented against Wilfredo Delgado and Angel Medina. See Schneble v. Florida, 405 U.S. 427, 92 S.Ct. 1056, 31 L.Ed.2d 340 (1972).
Luis Delgado asserts that the trial court erred in denying his motion to suppress *1131 the evidence seized from his residence. We disagree.
An arrest warrant was issued for the arrest of Luis Delgado. To execute the arrest warrant, Metro-Dade police officers set up a surveillance at Luis Delgado's residence. Shortly thereafter, the police officers saw a man enter the residence. After the officers had been there for a half hour, an unknown vehicle pulled up behind the officers' unmarked car and switched its bright lights on. Being concerned for their safety, the officers drove away, and the unknown vehicle pursued. The officers drove to a nearby service station which other officers were using as a staging area in preparation to execute the arrest warrant. Upon arrival there, the two men in the unknown vehicle were apprehended by the assembled police officers. Although, Luis Delgado was one of the vehicle's occupants, the police officers did not recognize him.[1] After that, the police officers returned to Luis Delgado's residence. Upon returning, the police officers observed a man bearing a weapon inside the residence. The police, speaking through a loud speaker, asked the occupant to exit the house. The individual in the house eventually exited unarmed and was apprehended. Thereafter, the police officers entered the house to execute the arrest warrant; however, no one was found. The police officers, however, confiscated several pieces of jewelry which were in plain view.
When police officers are legally on the premises, seizure of contraband without a warrant is not prohibited where the seized property is fully disclosed, open to the eye and hand, and in plain view without the necessity of a search. See Spinkellink v. State, 313 So.2d 666 (Fla. 1975), cert. denied, 428 U.S. 911, 96 S.Ct. 3227, 49 L.Ed.2d 1221 (1976); State v. Ashby, 245 So.2d 225 (Fla. 1971); Adams v. State, 240 So.2d 529 (Fla. 3d DCA 1970); United States v. Jonas, 639 F.2d 200 (5th Cir.1981). In the instant case, the police officers testified that the pieces of jewelry were in an open jewelry box and that the subject pieces were exposed. This testimony was uncontroverted. See generally, State v. Fernandez, 526 So.2d 192 (Fla. 3d DCA 1988) ("court must accept police officers' testimony when it "is neither impeached, discredited, controverted, contradictory within itself, or physically impossible."). Additionally, the police officers had probable cause to believe that these pieces were stolen because the home invasion robbery victims gave detailed descriptions of these pieces. The police officers also testified that they knew that these pieces were the pieces stolen in the home invasion robbery because the pieces of jewelry were very distinct. Thus, we find that the trial court did not err in denying the motion to suppress.
We do not need to address the remaining contentions raised by all three defendants. Assuming that the remaining contentions raised by the defendants were error, such errors would be harmless in light of the overwhelming evidence presented against the defendants. See State v. DiGuilio, 491 So.2d 1129 (Fla. 1986). Accordingly, we affirm.
NOTES
[1] The police officers did not recognize Luis Delgado even though they were in possession of his photograph. Additionally, Luis Delgado gave the police officers a false name and did not have any identification.