616 So.2d 444 (1993)
Bobby Lee DOWNS, Petitioner,
v.
STATE of Florida, Respondent.
No. 79322.
Supreme Court of Florida.
April 8, 1993.
Nancy A. Daniels, Public Defender, and W.C. McLain, Asst. Public Defender, Second Judicial Circuit, Tallahassee, for petitioner.
Robert A. Butterworth, Atty. Gen. and James W. Rogers, Sr. Asst. Atty. Gen., Tallahassee, for respondent.
McDONALD, Justice.
In Downs v. State, 592 So.2d 762, 764 (Fla. 1st DCA 1992), the district court certified the following question to be of great public importance:
WHETHER A TRIAL JUDGE HAS DISCRETION TO STACK MINIMUM MANDATORY *445 SENTENCES IN CASES INVOLVING CAPITAL FELONIES TOGETHER WITH NON-CAPITAL FELONIES COMMITTED WITH USE OF A FIREARM, WHERE THE PREDICATE OFFENSES ALL OCCURRED DURING THE COURSE OF THE SAME CRIMINAL EPISODE.
We have jurisdiction pursuant to article V, section 3(b)(4), Florida Constitution. We answer the question in the affirmative and approve the decision of the district court.
Downs killed his estranged wife and committed aggravated assault on a witness to the murder. On appeal this Court affirmed the murder conviction, but vacated the death sentence and directed that Downs be resentenced to life imprisonment. Downs v. State, 574 So.2d 1095 (Fla. 1991). We also affirmed Downs' fiveyear sentence for aggravated assault and ordered that "the two sentences shall be consecutive to each other." Id. at 1099. On resentencing the trial court imposed a life sentence with Downs having to serve at least twenty-five years before being eligible for parole for the first-degree murder conviction.[1] The court also imposed a consecutive five-year sentence for the aggravated assault. Over a defense objection the court gave Downs a three-year minimum mandatory sentence for using a firearm during the aggravated assault.[2] This resulted in Downs having to serve a minimum of twenty-eight years before being eligible for parole. The district court affirmed the sentences, but certified the above-stated question.
Downs now argues that Palmer v. State, 438 So.2d 1 (Fla. 1983), precludes making his minimum mandatory sentences consecutive. Palmer robbed thirteen people simultaneously in a funeral home. Among other things, the trial court imposed thirteen consecutive three-year minimum mandatory sentences for using a firearm, meaning that Palmer would have to serve at least thirty-nine years before being eligible for parole. We quashed that holding because we found no legislative intent that the enhanced penalty of three-year minimum mandatory sentences could be imposed consecutively.
McGouirk v. State, 493 So.2d 1016 (Fla. 1986), is similar. McGouirk placed a bomb under a house trailer, intending to injure one of its occupants, that injured another family member when it exploded. The trial court stacked the five-year minimum mandatory sentence allowed by subsection 775.087(2), Florida Statutes (1983), for using a destructive device onto the ten-year minimum mandatory sentence provided for in subsection 790.161(3), Florida Statutes (1983), for using a destructive device that causes bodily harm. We held that these minimum mandatory sentences should be imposed concurrently rather than consecutively.
In both Palmer and McGouirk the minimum mandatory sentences addressed the same evils, using a firearm to commit simultaneous crimes in Palmer and using a destructive device in violation of two statutes in McGouirk. Thus, making the minimum mandatory sentences concurrent served the legislative intent of enhancing the criminal penalty by providing a minimum time of incarceration.
When the same crime is committed in a nonsimultaneous manner or when different crimes are committed in the same episode, however, minimum mandatory sentences can be consecutive. For example, in State v. Thomas, 487 So.2d 1043 (Fla. 1986), we upheld the trial court's making consecutive two three-year minimum mandatory sentences for using a firearm in committing both attempted murder and aggravated assault. Although Thomas argued that Palmer should apply, we concluded that he committed two separate and distinct offenses. Likewise, in Murray v. State, 491 So.2d 1120 (Fla. 1986), we approved the district court's affirmance of consecutive minimum *446 mandatory sentences for use of a firearm during a sexual battery and robbery of a single victim because the crimes were committed at both different times and different locations. McDonald v. State, 564 So.2d 523, 525 (Fla. 1st DCA 1990), affirmed the trial court's stacking a five-year minimum mandatory sentence on a drug-trafficking charge with a three-year minimum for using a firearm during an aggravated assault because, "although appellant's separate crimes occurred in a single criminal episode, the nature of his crimes subjected him to the imposition of mandatory minimum sentences under two separate and distinct statutes."
Regarding capital felonies, on the other hand, we have held that a "trial judge has the discretion to stack minimum mandatory sentences in all cases concerning capital felonies." State v. Boatwright, 559 So.2d 210, 210 (Fla. 1990) (emphasis supplied); cf. State v. Enmund, 476 So.2d 165 (Fla. 1985). Rather than being an enhancement, the capital felony minimum mandatory sentence "is the statutorily required penalty for each capital felony." Boatwright, 559 So.2d at 213. Thus, we approved the trial court's making the mandatory portions of Boatwright's life sentences for two convictions of capital sexual battery consecutive.
In the instant case we have a capital felony, first-degree murder, and a noncapital felony, aggravated assault. The applicable minimum mandatory sentences, twenty-five years for the former crime and three years for using a firearm during the commission of the latter, address two separate and distinct evils  killing someone and using a firearm. We see no reason why a trial court cannot, in its discretion, stack those minimum mandatory sentences.[3] It would be improper to add a three-year minimum for using a firearm to kill the murder victim to the capital minimum mandatory, but Downs committed two distinct and separate crimes, and the trial court imposed distinct and separate penalties. Therefore, we answer the certified question in the affirmative.[4]
It is so ordered.
BARKETT, C.J., and OVERTON, SHAW and KOGAN, JJ., concur.
GRIMES and HARDING, JJ., concur in result only.
NOTES
[1] The only penalties possible for first-degree murder and other capital crimes are 1) death and 2) life imprisonment with 25 years to be served before parole is possible. Section 775.082(1), Fla. Stat. (1991).
[2] Section 775.087(2)(a), Fla. Stat. (1991).
[3] In disallowing the stacking of minimum mandatory sentences caused solely by the habitual offender statute, in Daniels v. State, 595 So.2d 952, 954 (Fla. 1992), we stated:

Because the statute prescribing the penalty for Daniels' offenses does not contain a provision for a minimum mandatory sentence, we hold that his minimum mandatory sentences imposed for the crimes he committed arising out of the same criminal episode may only be imposed concurrently and not consecutively. Here there were separate distinct crimes, each of which required a minimum mandatory sentence.
[4] We disapprove Blair v. State, 559 So.2d 349 (Fla. 1st DCA 1990), quashed in part, 598 So.2d 1068 (Fla. 1992), wherein the court disallowed stacking a 25-year minimum mandatory sentence for first-degree murder and a three-year minimum for using a firearm during a robbery.