636 So.2d 860 (1994)
Jermaine CLARINGTON and Arnold Ancrum, Appellants,
v.
The STATE of Florida, Appellee.
Nos. 92-1587, 92-1597.
District Court of Appeal of Florida, Third District.
May 10, 1994.
*861 Bennett H. Brummer, Public Defender, and J. Rafael Rodriguez and Clayton R. Kaeiser, Sp. Asst. Public Defenders.
Robert A. Butterworth, Atty. Gen., and Angelica D. Zayas, Asst. Atty. Gen., for appellee.
Before BARKDULL, GERSTEN and GODERICH, JJ.
PER CURIAM.
The convictions of the defendants are affirmed on Counts I, II, III and IV and reversed on Count V. The sentences of the defendants are affirmed on Counts II, III and IV and modified on Count I.
Defendants seek review of the trial court's order denying a motion to sever their trials and the imposition of consecutive minimum mandatory sentences. Defendant Ancrum seeks review of the trial court's denial of his motion to suppress his confession, denial of certain objections to evidentiary matters, and his adjudication of guilt for possession of a firearm during the commission of a felony.
On December 30, 1989, five young men staged an armed assault on a bolita house as the day's money was being removed from the premises. During the assault shots were fired and one of the money couriers was killed. The police heard rumors and started rounding up suspects. Defendant Ancrum was implicated by others and the police asked him to come down to the station and give a statement, which he voluntarily did. Ancrum arrived at the police station at about 3:30 p.m. on January 2, 1990; he was not under arrest at that time. While Ancrum was at the station another suspect confessed. The police compared Ancrum's statement to the other suspect's statement and decided to re-interview Ancrum. He was given a Miranda warning at 9:10 p.m. and he signed a waiver form at that time. At 12:50 a.m., a formal statement was taken and Ancrum signed it after review.
Five young men were charged with first degree murder, attempted first degree murder, armed robbery, conspiracy to commit armed robbery, and unlawful possession of a firearm while engaged in a criminal offense. Each of the defendants gave an incriminating statement to the police in which they also implicated their fellow defendants. Two of the young men plead guilty and agreed to testify against the remaining defendants. Defendants Ancrum and Clarington were tried together. Each planned to assert his fifth amendment privilege not to testify and each moved for severance, which the trial court granted absent redaction from their statements information which would implicate the other. The state offered redacted statements which both defendants found unacceptable. The trial court, after a hearing, ordered a joint trial and overruled the defendant's objections to the use of the redacted statements.
Defendant Ancrum moved to suppress his statement and confession arguing that they were involuntarily made and the result of an illegal detention. After a hearing on the merits the trial court denied Ancrum's motion to suppress.
During the trial, one of the state's witnesses (former defendant Howard) had a severe memory lapse. His memory was refreshed by reference to his deposition. Ancrum's attorney objected to the use of the deposition as substantive evidence and requested a limiting instruction, which the trial court denied.
During closing argument Ancrum's attorney sought to comment upon the absence of various witnesses. The trial court ruled that Ancrum's attorney could not comment upon the absence of any witnesses.
After trial by jury both defendants were found guilty on all five counts and the trial court sentenced each defendant as follows: Count I: Life imprisonment with a 25 year minimum mandatory term for capital murder, *862 plus a consecutive 3 year minimum mandatory term for the use of a firearm, running concurrent with; Count II: 40 years imprisonment, plus a 3 year minimum mandatory term for the use of a firearm, running concurrent with; Count III 40 years imprisonment, plus a 3 year minimum mandatory term for the use of a firearm, running concurrent with; Count IV: 30 years imprisonment; and, Count V: suspended sentence.
The state properly offered redacted versions of defendant's statements, see Bryant v. State, 565 So.2d 1298, 1302 (Fla. 1990); Florida Rules of Criminal Procedure, 3.152(b)(2), for the trial court's review and approval. The trial court, upon review, found those statements acceptable and denied defendant's motion for severance. "[T]he question of whether severance should be granted must necessarily be answered on a case by case basis." McCray v. State, 416 So.2d 804, 806 (Fla. 1982). The trial court did not err in denying defendant's motion for severance and that order will not be disturbed absent abuse of discretion. See State v. Vazquez, 419 So.2d 1088 (Fla. 1982). Further, assuming, which we do not, that the redacted statements were a violation of defendant's sixth amendment right to confront his accuser,[1] "such error was harmless in light of the cautionary instructions given[2] to the jury and the overwhelming evidence presented" against each defendant. Delgado v. State, 574 So.2d 1129, 1130 (Fla. 3d DCA 1991).
The trial court did not err in denying Ancrum's motion to suppress his confession. Based on the totality of the circumstances surrounding Ancrum's confession, we find that it was freely and voluntarily given. See Traylor v. State, 596 So.2d 957 (Fla. 1992); Patterson v. State, 513 So.2d 1257 (Fla. 1987); Kight v. State, 512 So.2d 922 (Fla. 1987); Wasko v. State, 505 So.2d 1314 (Fla. 1987); Thomas v. State, 456 So.2d 454 (Fla. 1984).
The trial court properly overruled Ancrum's objection to the use of Howard's deposition at trial. When Howard suffered his memory loss and testified inconsistently with his prior deposition, that deposition became admissible as substantive evidence. See Ellis v. State, 622 So.2d 991 (Fla. 1993); Moore v. State, 424 So.2d 920 (Fla. 4th DCA 1982), approved, 452 So.2d 559 (Fla. 1984).
The trial court properly denied Ancrum's request to comment on the absence of certain witnesses. Ancrum made no showing that the missing witnesses were uniquely available to the state. Martinez v. State, 478 So.2d 871 (Fla. 3d DCA 1985) rev. denied 488 So.2d 830 (Fla. 1986). Where witnesses are equally available to both parties, no comment should be allowed upon the state's failure to call a witness. State v. Michaels, 454 So.2d 560 (Fla. 1984).
The trial court erred in sentencing defendants, on Count I, to life imprisonment with a 25 year minimum mandatory plus a consecutive 3 year minimum mandatory[3] for the use of a firearm. It is improper to impose a consecutive three year minimum mandatory sentence, for use of a firearm in the commission of a capital murder, when defendant has received a 25 year minimum mandatory sentence for the same capital murder. See Downs v. State, 616 So.2d 444 (Fla. 1993); Palmer v. State, 438 So.2d 1 (Fla. 1983).
The trial court properly reclassified Count II, attempted first degree murder, from a first degree felony punishable by thirty years imprisonment, to a life felony punishable by forty years imprisonment. See State v. Whitehead, 472 So.2d 730 (Fla. 1985); § 775.087(1), Fla. Stat. (1989). The trial court also properly imposed a three year *863 minimum mandatory term, running concurrent[4] with Counts I & III, for the use of a firearm pursuant to Section 775.087(2), Florida Statutes (1989).
The trial court properly sentenced defendants to forty years imprisonment[5] on Count III, armed robbery with a firearm. The trial court also properly imposed a three year minimum mandatory sentence, running concurrent[6] with Counts I & II, for the use of a firearm[7] pursuant to Section 775.087(2), Florida Statutes (1989). See Palmer v. State, 438 So.2d 1 (Fla. 1983); Young v. State, 616 So.2d 1133 (Fla. 3d DCA 1993); Lopez v. State, 470 So.2d 58 (Fla. 3d DCA 1985).
Ancrum argued in his brief and the state rightfully conceded that the trial court erred in adjudicating him guilty for possession of a firearm during the commission of a felony. It was double jeopardy to adjudicate either defendant[8] guilty on Count V where each was validly convicted on other counts which were enhanced for the use of the same firearm. See Cleveland v. State, 587 So.2d 1145 (Fla. 1991).
Accordingly the judgment of the trial court is affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.
NOTES
[1] See Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968) (defendant's sixth amendment right to confront his accuser is violated when a codefendant's statement is admitted into evidence and where codefendant will not be available for cross examination).
[2] The trial court cautioned the jury twice that the statements should only be considered against the defendant who made the statement. Further, when the jury, while deliberating, requested the statements the trial court, to prevent side by side comparison, submitted them one by one for the jury's perusal.
[3] § 775.087(2) Fla. Stat. (1989).
[4] The trial court may, in its discretion, run this minimum mandatory sentence consecutive to the minimum mandatory twenty five year sentence imposed for capital murder in Count I. See Downs v. State, 616 So.2d 444 (Fla. 1993).
[5] § 812.13(2)(a) Fla. Stat. (1986).
[6] See supra note 4.
[7] The use of a firearm is an inherent element of armed robbery with a firearm, Section 812.13, Florida Statute (1986), although the trial court may impose a minimum mandatory sentence, it may not reclassify, by degree, defendant's offense pursuant to Section 775.087(1), Florida Statutes (1989). See State v. Brown, 476 So.2d 660 (Fla. 1985).
[8] Although Clarington did not raise this issue in his brief this court may, sua sponte, remedy fundamental error which is apparent on the face of the record. See Johnson v. State, 574 So.2d 222 (Fla. 5th DCA 1991).