GOSHORN, Judge.
John W. Bonaventure was found guilty by a jury of first degree murder and of the use *56 of a firearm while committing or attempting to commit a felony. He subsequently pled guilty to possession of a firearm by a convicted felon. Bonaventure was sentenced as follows:

Count I, First Degree Murder:

Life imprisonment, to be served no less than 25 years, concurrent with Count IV but consecutive to Counts II, III and the sentence in case No. 92-32173.

Count II, Use of a Firearm While Committing or Attempting to Commit a Felony:

30 years imprisonment as a habitual violent felony offender, with a 10 year minimum mandatory provision to be served consecutive to Count I, and the sentence in ease No. 92-32173, but concurrent with the sentences in Counts III and IV.

Count III, Possession of a Firearm by á Convicted Felon:

30 years imprisonment as a habitual violent felony offender, with a 10 year minimum/mandatory provision to be served consecutive to Count I and to the sentence in case No. 92-32173, but concurrent with the sentences in Counts II and IV.
Bonaventure argues that the trial court erred in making the sentences in Counts II and III run consecutive to the 25 year minimum mandatory sentence imposed for Count I, the first degree murder conviction. The State contends that these sentences were proper. We agree with Bonaventure that the trial court erred in requiring the sentence imposed on Count II to run consecutive to that of Count I.
Recently, the Florida Supreme Court clarified the law regarding consecutive sentences for crimes arising out of the same criminal episode. Downs v. State, 616 So.2d 444 (Fla.1993). In Downs, the defendant killed one person and committed an aggravated assault on the witness to the murder. The defendant was sentenced to life imprisonment for the murder and 5 years for the aggravated assault. These sentences were to run consecutively. The court imposed a 3 year minimum mandatory sentence for utilizing a firearm during the aggravated assault. The appellate court affirmed the sentences but certified the following question to the supreme court as one of great public importance:
WHETHER A TRIAL JUDGE HAS DISCRETION TO STACK MINIMUM MANDATORY SENTENCES IN CASES INVOLVING CAPITAL FELONIES TOGETHER WITH NON-CAPITAL FELONIES COMMITTED WITH USE OP A FIREARM WHERE THE PREDICATE OFFENSES ALL OCCURRED DURING THE COURSE OF THE SAME CRIMINAL EPISODE.
The supreme court answered the certified question in the affirmative and stated:
In the instant case we have a capital felony, first-degree murder, and a noncapital felony, aggravated assault. The applicable minimum mandatory sentences, twenty-five years for the former crime and three years for using a firearm during the commission of the latter, addresses two separate and distinct evils — killing someone and using a firearm. We see no reason why a trial court cannot, in its discretion, stack those minimum mandatory sentences. It would be improper to add a three-year minimum for using a firearm to kill the murder victim to the capital minimum mandatory, but Downs committed two distinct and separate crimes, and the trial court imposed distinct and separate penalties.
Id. at 446 (footnote omitted) (emphasis added).
Sub judice, the sentence the trial court imposed for Count II was contrary to the court’s holding in Downs, which disallows the stacking of minimum mandatory sentences for murder and using a firearm to commit the murder.[1] We recognize that the trial *57 judge did not have the benefit of the supreme court’s decision in Downs at the time he imposed the sentence; however, it is now clear that it was error to make the sentence under Count II consecutive to the sentence in Count I.
As to the defendant’s argument regarding the sentence imposed on Count III, we begin our analysis with the observation that a trial court may not impose consecutive minimum mandatory sentences when the crimes arise out of the same criminal episode unless the offenses are separate and distinct. State v. Thomas, 487 So.2d 1043, 1044-45 (Fla.1986) (upholding the trial court’s consecutive minimum mandatory sentences where the defendant was convicted of using a firearm to commit both attempted murder and aggravated assault because they were separate and distinct offenses committed during the same criminal episode). Bonaventure was sentenced under Count III for the possession of a firearm by a convicted felon which is a separate and distinct crime from the first degree murder (Count I). Therefore, the sentence imposed in Count III was proper. See also Murray v. State, 491 So.2d 1120, 1123 (Fla.1986) (finding that the trial court did not err in imposing consecutive minimum mandatory sentences on a defendant convicted of sexual battery and armed robbery where, although both crimes arose from the same criminal episode, they were sufficiently separate in time, nature, and place).
Bonaventure’s remaining point on appeal urges that the trial court committed error by failing to make the specific findings required by section 775.084(l)(b)(l) and (2) of the Florida Statutes in support of its habitual offender sentences, although Bonaventure did not rebut the evidence the State presented at the sentencing hearing. Both the First and Fourth District Courts of Appeal have applied the harmless error analysis of State v. Rucker, 613 So.2d 460 (Fla.1993), where the required findings are apparent from an unrebutted record. See Herrington v. State, 622 So.2d 1339, 1341 (Fla. 4th DCA 1993) (en banc), review granted, 632 So.2d 1026 (Fla. 1994); Tarver v. State, 617 So.2d 336 (Fla. 1st DCA 1993), review denied, 629 So.2d 135 (Fla.1993). We agree with our sister courts and find Bonaventure’s claim of error in this regard to be without merit.
AFFIRMED in part; REVERSED in part; REMANDED for resentencing.
HARRIS, C. J., and DAUKSCH, J., concur.

. Bonaventure's indictment affirmatively shows that the felony to which Count II was referring was the first degree murder charge in Count I. The indictment states:
SPECIFICATIONS OF CHARGE: In that JOHN BONAVENTURE ... on or about the 1st day of October, 1990, within Volusia County, Florida, did, while committing or attempting to commit a felony, to-wit: Murder, then and there in the presence of Frank Malicek, display, use, threaten or attempt to use a fire *57 arm, or carry a concealed firearm, to-wit: a handgun.