SCHWARTZ, Chief Judge.
Cheatham was convicted of first degree murder, armed burglary of an occupied conveyance and armed robbery. Because the *288 crimes were all part of the same transaction, he claims that he was erroneously sentenced to consecutive, rather than concurrent, minimum mandatory terms of twenty-five years of a life sentence for the murder charge and fifteen years as a habitual violent felony offender on the armed burglary and armed robbery convictions. See Hale v. State, 630 So.2d 521 (Fla.1993), pet. for cert. filed (U.S. Aug. 8, 1994) (No. 94-5612); McGouirk v. State, 493 So.2d 1016 (Fla.1986); Palmer v. State, 438 So.2d 1 (Fla.1983). We disagree.
In our view, the consecutive minimum mandatory terms were permissible under Downs v. State, 616 So.2d 444 (Fla.1993) because the statutory provisions in question address “separate and distinct evils.” Downs, 616 So.2d at 446 — that is, “killing someone,” 616 So.2d at 446, as to the murder conviction, and recidivism, see Hicks v. State, 595 So.2d 976 (Fla. 1st DCA 1992), as to the defendant’s status as a habitual offender. See Downs, 616 So.2d at 444 (consecutive minimum mandatory sentences for first degree murder and using a firearm in the commission of aggravated assault permissible); Bonaventure v. State, 637 So.2d 55 (Fla. 5th DCA 1994) (consecutive minimum mandatory sentences for first degree murder and possession of a firearm by a convicted felon permissible).
Affirmed.