PER CURIAM.
The defendant, Kevin Gaiter, appeals from his convictions and sentences. We affirm in part and reverse in part.
The defendant shot and killed his former girlfriend, and shot and seriously wounded her sister. The defendant was charged by indictment with first degree murder (Count I) and attempted second degree murder (Count II). After trial by jury, the defendant was found guilty as charged and sentenced. This appeal follows.
The defendant raises several points on appeal; however, only two merit discussion. First, the defendant alleges that the trial court abused its discretion by admitting, over a defense hearsay objection, the testimony of several witnesses regarding the former girlfriend’s fear of the defendant prior to her murder. We disagree.
Admittedly, such statements may have been hearsay, and in the absence of an applicable exception, such hearsay is inadmissible. § 90.801, Fla.Stat. (1993). However, in light of the overwhelming evidence against the defendant and the cumulative testimony of other witnesses who overheard the defendant threaten the victim prior to her death, the admission of this testimony was harmless error. Correll v. State, 523 So.2d 562, 565 (Fla.), cert. denied, 488 U.S. 871, 109 S.Ct. 183, 102 L.Ed.2d 152 (1988). Accordingly, we affirm the defendant’s convictions.
Lastly, the defendant argues that the trial court erred by imposing, as to Count I, a three year minimum mandatory sentence for the use of a firearm to run consecutive to the twenty-five year capital minimum mandatory sentence. We agree.
Upon a review of the entire sentencing order and the sentencing transcript, we believe that the trial court imposed sentences as follows: On Count I, the first degree murder count, the defendant was sentenced to life imprisonment with a twenty-five year minimum mandatory sentence before becoming eligible for parole. The trial court also imposed a three year minimum mandatory sentence for use of a firearm and specified that the three year minimum mandatory sentence would run consecutive to the twenty-five year minimum mandatory sentence.
On Count II, the attempted second degree murder count, the trial court imposed a seventeen year sentence that would run consecutive to the life sentence. The trial court also imposed a three year minimum mandatory sentence for use of a firearm. The sentencing order, as to the three year minimum mandatory sentence on Count II, indicates that it will “run concurrent with Count I”.[1] When the sentencing order is read in conjunction with the trial court’s oral pronouncements,[2] it appears that the trial court intended for the three year minimum mandatory sentence on Count II to be concurrent with the three year minimum mandatory sentence on Count I.
In the present case, as in Downs v. State, 616 So.2d 444 (Fla.1993), we have a combination of a capital felony, first degree murder, and a non-capital felony, attempted second degree murder. Therefore, the analysis and holding in Downs is directly applicable here:
In the instant case we have a capital felony, first-degree murder, and a non-capital felony, aggravated assault. The applicable minimum mandatory sentences, twenty-five years for the former crime and three years for using a firearm during the commission of the latter, address two separate and distinct evils — killing someone and using a firearm. We see no reason *850 why a trial court cannot, in its discretion, stack those minimum mandatory sentences. It would be improper to add a three-year minimum for using a firearm to kill the murder victim to the capital minimum mandatory, but Downs committed two distinct and separate crimes, and the trial court imposed distinct and separate penalties.
Downs, 616 So.2d at 446 (footnote omitted); Clarington v. State, 636 So.2d 860, 862 (Fla. 3d DCA 1994).
Under Dovms, the three year minimum mandatory sentence on Count I cannot run consecutive to the twenty-five year minimum mandatory sentence. Therefore, we reverse that portion of the sentencing order that imposes the three year minimum mandatory sentence in conjunction with Count I, and we remand for resentencing consistent with this opinion.
However, Downs explicitly permits the three year minimum mandatory sentence on Count II to run consecutive to the twenty-five year minimum mandatory sentence on Count I. Therefore, the three year minimum mandatory sentence on Count II is specifically allowable under Downs and should not be disturbed.
Accordingly, we affirm in part, reverse in part, and remand for resentencing consistent with this opinion.[3]

. When the record on appeal was filed in this court, it was missing the relevant page of the sentencing order as to Count II. Consequently, this court requested that the trial court supplement the record with the missing page.

. The exchange between the state attorney and the court at the sentencing hearing was as follows:
MS. MILIAN: Judge, as to Count II you are imposing a consecutive three year minimum mandatory to Count II?
THE COURT: No, it is concurrent. It has to be concurrent by law.
[[Image here]]
THE COURT: It is concurrent, three and three are concurrent.
[[Image here]]
THE COURT: 17, three and three,
(emphasis added).

. At such resentencing, the trial court would, of course, have the opportunity to clarify the sentencing order if there has been any misunderstanding as to the trial court’s intent in the original sentencing order.