PER CURIAM.
 

 Appellant challenges the denial of his motion to coi'rect illegal sentence filed pursuant to Florida Rule of Criminal
 
 Procedure
 
 3.800(a). For the reasons discussed below, we reverse.
 

 The appellant was convicted of first-degree felony murder (count one) and robbery with a firearm (count two). He was sentenced to life in prison without parole for twenty five years on count one and ten years’ imprisonment with a minimum
 
 mandatory
 
 sentence of three years for count two. The sentences wei*e ordered to run consecutively.
 

 In his motion to correct illegal sentence, the appellant assei-ts that his consecutive minimum mandatory sentences for counts one and two are illegal because the crimes arose from a single criminal episode.
 
 [1]
 
 In
 
 Boler v. State,
 
 678 So.2d 319 (Fla.1996), a defendant was convicted of first-degree felony murder and robbery (the underlying felony) for killing a convenience store clerk during an armed l'obbery. The defendant was sentenced to life impi'isonment with a twenty five year minimum mandatory for first-degree murder.
 
 Id.
 
 at 322. He was given a consecutive life sentence for the robbery, which included a three year minimum mandatoi'y for the use of a firearm.
 
 Id.
 
 The Court held that the three year minimum mandatory sentence for the underlying robbery could not be imposed consecutively to the twenty five year minimum mandatory for felony murder.
 
 Id.
 
 at 323.
 

 Boler
 
 is directly on point with this case. Here, the appellant alleges that he was also convicted of felony murder and the undeiiying l'obbery involving the same victim. Therefore, the trial court could not impose the three year minimum mandatory for possession of a firearm consecutively to appellant’s twenty five year minimum sentence for felony murder. We reverse and remand with directions that the trial court impose the twenty five year and three year minimum mandatory sentences to run concurrently or attach portions of the record indicating that the felony murder and robbery convictions did not arise from a single criminal episode.
 

 REVERSED AND REMANDED.
 

 BARFIELD, PADOVANO, and LEWIS, JJ., concur.
 

 [1]
 

 . He asserts that the robbery was the underlying felony supporting the felony murder conviction.