PER CURIAM.
 

 Appellant appeals the denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). For the reasons discussed below, we reverse and remand the denial of ground one. We affirm the denial of ground two without further discussion.
 

 In ground one of his motion, Appellant asserts that his consecutive minimum mandatory sentences for first-degree murder and robbery with a firearm are illegal because the crimes arose from a single criminal episode. The trial court denied the motion on the basis of
 
 Downs v. State,
 
 616 So.2d 444 (Fla.1993). In
 
 Downs,
 
 the defendant was convicted of first-degree murder and aggravated assault for killing his wife and then threatening a witness to the murder.
 
 Id.
 
 at 445. He was sentenced to life imprisonment without the possibility of parole for 25 years on the murder charge.
 
 Id.
 
 He was sentenced to 5 years’ imprisonment on the aggravated assault charge, with a 3-year minimum mandatory for using a firearm during the commission of the aggravated assault.
 
 Id.
 
 The sentences, including the minimum mandatories, were imposed consecutively.
 
 Id.
 
 The issue presented was:
 

 Whether a trial judge has discretion to stack minimum mandatory sentences in cases involving capital felonies together with non-capital felonies committed with use of a firearm, where the predicate offenses all occurred during the course of the same criminal episode?
 

 Id.
 
 at 444-45. The supreme court answered in the affirmative, holding that the consecutive 25- and 3-year minimum mandatory sentences were proper.
 
 Id.
 
 The
 
 Downs
 
 court reasoned: “When the same crime is committed in a nonsimultaneous manner or when different crimes are committed in the same episode ... minimum mandatory sentences can be consecutive.”
 
 Id.
 
 at 445.
 

 However, a few years later the Florida Supreme Court decided
 
 Boler v. State,
 
 678 So.2d 319 (Fla.1996). In Boler, the defendant was convicted of first-degree felony murder and robbery (the underlying felony) for killing a convenience store clerk during an armed robbery. The defendant was sentenced to life imprisonment with a 25-year minimum mandatory for first-degree murder.
 
 Id.
 
 at 322. He was given a consecutive life sentence for the robbery, which included a 3-year minimum mandatory for the use of a firearm.
 
 Id.
 
 The main issue was whether a defendant could be convicted and sentenced for both felony murder and the underlying crime; the court held that such convictions and sentences were proper.
 
 Id.
 
 at 320-22. However, the court also addressed an additional sentencing issue: The defendant asserted that the minimum mandatory portions of the sentences could not be imposed consecutively.
 
 Id.
 
 at 322. The
 
 Boler
 
 majority held that the 3-year minimum mandatory sentence for the underlying robbery could not be imposed
 
 *921
 
 consecutively to the 25-year minimum mandatory for felony murder.
 
 Id.
 
 at 323. We conclude that
 
 Boler,
 
 rather than
 
 Downs,
 
 applies.
 
 See Hall v. State,
 
 14 So.3d 1081 (Fla. 1st DCA 2009) (holding that
 
 Boler
 
 controls where a defendant is convicted of felony murder and the underlying crime involved the same victim, therefore, the trial court could not impose the 3-year minimum mandatory for possession of a firearm consecutively to the 25-year sentence for felony murder).
 

 The State asserts that
 
 Boler
 
 and
 
 Hall
 
 are distinguishable because those defendants were charged and convicted of only felony murder, not premeditated murder. The State points out that in this case, Appellant was charged under a premeditated murder theory. However, although the State proceeded on a premeditated murder theory, it also proceeded on a felony murder theory. It is not clear if the jury found Appellant guilty under the felony murder or premeditated murder theory, as the verdict form merely suggests Appellant was “guilty as charged,” and Appellant was charged under both theories. Thus, this court cannot assume that Appellant was convicted under a premeditated murder theory.
 
 Cf. Traylor v. State,
 
 785 So.2d 1179 (Fla.2000) (holding that a trial court could not reclassify attempted first-degree murder conviction to life felony based on use of a deadly weapon where verdict did not establish whether conviction was based on premeditation or felony murder theory, and where use of a weapon was an essential element of the underlying charge of armed robbery).
 

 Because we find that this case is controlled by
 
 Boler,
 
 we reverse and remand for the trial court to either impose Appellant’s minimum mandatory sentences concurrently or to attach portions of the record conclusively refuting Appellant’s entitlement to relief.
 
 See Hall,
 
 14 So.3d at 1082.
 

 AFFIRMED in part, REVERSED and REMANDED in part, with directions.
 

 KAHN, DAVIS, and THOMAS, JJ., concur.