PER CURIAM.
The appellant appeals the denial of the motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a). For the reasons discussed below, we reverse and remand for the trial court to grant relief.
The appellant was convicted of first-degree felony murder (count one), kidnapping (count two), robbery with a firearm (count three), and possession of a firearm during the commission of a felony (count four). The appellant was sentenced to life imprisonment with a twenty-five year minimum mandatory sentence for the murder conviction, seventeen years’ imprisonment for the kidnapping, fifteen years’ imprisonment for the robbery with a three-year minimum mandatory, and fifteen years’ imprisonment for the possession charge. Counts two through four were imposed concurrently with each other, but consecutively to the life sentence imposed for count one. Thus, the twenty-five year minimum mandatory sentence for murder and the three-year minimum mandatory sentence for the robbery were imposed consecutively to each other.
The appellant asserts that the consecutive minimum sentences imposed in counts one and three (25 for murder, 3 for possession of a firearm during robbery) are illegal because the robbery was the underlying felony supporting his felony murder conviction. When a defendant is convicted of felony murder and the underlying felony involving the same victim, the crimes necessarily occur during the same criminal episode. See § 784.04(I)(a)2., (stating that in order to be convicted of felony murder, the murder must be committed by a person “engaged in the perpetration of, or in the attempt to perpetrate, any [enumerated crime]”). Thus, a trial court cannot impose the minimum mandatory portions of those sentences consecutively to each other. See Boler v. State, 678 So.2d 319 (Fla.1996); Hall v. State, 14 So.3d 1081 (Fla. 1st DCA 2009).
The State asserts that the felony murder and the robbery were in fact two separate criminal episodes. Specifically, the record indicated that the appellant and his co-defendant robbed a convenience store and kidnapped the clerk. After kidnapping the clerk the defendants drove to an isolated area where the clerk was shot and killed. Thus, the trial court held that the murder was a separate criminal episode from the earlier armed robbery. If the robbery conviction was not the underlying felony to support the felony murder conviction, we might agree that the robbery and murder occurred during separate criminal episodes. See Parker v. State, *617 633 So.2d 72, 75-76 (Fla. 1st DCA 1994); Murray v. State, 491 So.2d 1120 (Fla. 1986); Etienne v. State, 15 So.3d 890 (Fla. 4th DCA 2009). However, in this case the appellant was charged with felony murder during the perpetration of the “kidnapping and/or robbery.” The record in this case does not conclusively demonstrate what crime the jury found to be the underlying felony supporting the felony murder conviction. In such instances, this Court cannot assume that the jury found the appellant guilty of felony murder during the perpetration of the kidnapping, rather than during the perpetration of the robbery. Cf Traylor v. State, 785 So.2d 1179 (Fla.2000) (holding that a trial court could not reclassify attempted first-degree murder conviction to a life felony based on use of a deadly weapon where verdict did not establish whether conviction was based on premeditation or felony murder theory, and where use of a weapon was an essential element of the underlying charge of armed robbery); Webb v. State, 997 So.2d 469 (Fla. 2d DCA 2008) (where verdict did not establish whether jury found defendant guilty of aggravated battery based on causing great bodily harm or based on use of deadly weapon, trial court could not assume jury found defendant guilty of aggravated battery causing great bodily harm, and thus, trial court could not reclassify offense based on use of weapon); Cabral v. State, 944 So.2d 1026 (Fla. 1st DCA 2006) (same). Because the appellant was convicted of felony murder and the robbery conviction was potentially the underlying felony, we reverse and remand for the trial court to impose the appellant’s minimum mandatory sentences for felony murder and robbery concurrently with each other. See See Boler v. State, 678 So.2d 319 (Fla.1996); Hall v. State, 14 So.3d 1081 (Fla. 1st DCA 2009).
REVERSED and REMANDED with directions.
PADOVANO and CLARK, JJ., concur.
THOMAS, J., dissents with opinion.