THOMAS, J.,
dissenting.
I respectfully dissent.
The consecutive sentences imposed on Appellant are not illegal as defined under Florida Rule of Criminal Procedure 3.800(a). See generally Wright v. State, 911 So.2d 81 (Fla.2005) (holding that a sentence is only illegal if it imposes a punishment that, under the entire body of sentencing statutes, no judge could possibly inflict under any set of factual circumstances). The trial court could properly impose a 25-year minimum mandatory prison term based on Appellant’s felony murder of the victim during the course of the kidnapping, and the trial court could also lawfully impose a consecutive three-year minimum mandatory term for the armed robbery that preceded the kidnapping and murder. Thus, Appellant’s consecutive sentences for felony murder and armed robbery are not illegal, based on the undisputed facts of this case.
Those undisputed facts are: In 1989, Appellant and his co-defendant walked into a liquor store and robbed the cashier at gunpoint. Appellant and his co-defendant then forced the victim into their car. As she was “screaming and crying,” they forcibly drove her away from the scene of the robbery and out of town. After a near head-on collision, Appellant and his co-defendant eventually left the highway, and drove down a dirt road into the woods. Appellant and his co-defendant then forced the victim out of the car, forced her to disrobe and then walk into a wooded area. The victim was then fatally shot four times.
As stated in the majority opinion, Appellant was convicted of and sentenced to the *618 following: count one, first-degree felony murder (life imprisonment with a 26-year minimum mandatory); count two, kidnapping (17 years’ imprisonment, consecutive to the life sentence); count three, robbery with a firearm (15 years’ imprisonment with a 3-year minimum mandatory); and count four, possession of a firearm during the commission of a felony (15 years’ imprisonment). Count four was later vacated.
For count three, robbery with a firearm, the trial court imposed a term of seven years, with a three-year minimum-mandatory term, consecutive to the 25-year minimum-mandatory term for felony murder. The trial court rejected defense counsel’s arguments that Appellant’s crime spree constituted a “single criminal episode.”
This court affirmed Appellant’s convictions and sentences on direct appeal. Phillips v. State, 650 So.2d 995 (Fla. 1st DCA 1995).
Appellant engaged in separate criminal episodes when he and his co-defendant robbed the victim, then kidnapped her by forcing her to leave the robbery site, took her to a remote location, forced her to disrobe, and then murdered her. The kidnapping and murder occurred in a separate location from the robbery, and there was a temporal break between the robbery and the kidnapping and felony murder. Woods v. State, 615 So.2d 197 (Fla. 1st DCA 1993) (holding that defendant could be sentenced to consecutive terms for offenses involving separate location and separate victim, but not for two victims shot in same location); Vasquez v. State, 778 So.2d 1068, 1070 (Fla. 5th DCA 2001) (“The proper analysis to determine whether offenses arise from the same criminal episode requires consideration of the following factors: 1) whether separate victims are involved; 2) whether the crimes occurred in separate locations; and 3) whether there has been a temporal break between the incidents.”). Thus, the trial court here could impose consecutive minimum mandatory sentences for felony murder and use of a firearm during the robbery, because the felony murder occurred in a separate location, after a temporal break. See also Etienne v. State, 15 So.3d 890 (Fla. 4th DCA 2009) (holding that trial court could impose consecutive sentences where facts demonstrated defendant attempted to murder first victim, left scene, and then returned and committed another offense).
Minimum mandatory sentences can be imposed consecutively, if such sentences are imposed for separate criminal episodes. In Parker v. State, 633 So.2d 72, 75-76 (Fla. 1st DCA 1994), we recognized that the proper evaluation of whether separate crimes occurred requires a close examination of the entire nature of the offenses. In Parker, the offender tied the victim, an elderly woman, to her bed, sexually battered her, and then robbed her. As he left her home, he set her back porch on fire in an attempt to murder her. This court properly held that the defendant could be subject to consecutive sentences for attempted murder and arson, which followed his offense of sexual battery.
Here, Appellant took the victim away from the robbery scene, and then murdered her during the kidnapping. These crimes were sufficiently separated in time and location from the robbery to justify the imposition of consecutive minimum mandatory sentences.
The decision of the Florida Supreme Court in Downs v. State, 616 So.2d 444 (Fla.1993), is controlling. In Downs, the supreme court held that a 25-year minimum mandatory term as part of a life sentence could be imposed consecutively to a three-year minimum mandatory term for aggravated assault, because the defendant *619 committed a murder and then an aggravated assault on a witness to the murder. Id. at 446. The court stated, “The applicable minimum mandatory sentences ... address two separate and distinct evils — killing someone and using a firearm. We see no reason why a trial court cannot, in its discretion, stack those minimum mandatory sentences.” Id. Here, the trial court did just that — stacked minimum mandatory prison terms for Appellant’s separate evils of killing the victim during a kidnapping after previously robbing her with a firearm.
Conversely, this case is not controlled by Boler v. State, 678 So.2d 319 (Fla.1996), cited in the majority opinion, as Boler involved a felony murder conviction where the perpetrator lolled the store clerk “during an armed robbery.” Id. at 320.
Similarly, this court’s decision in Hall v. State, 14 So.3d 1081 (Fla. 1st DCA 2009), is not controlling for two reasons. First, Hall does not cite to an underlying factual basis, but refers only to the defendant’s assertions and allegations that the convictions of first-degree felony murder and robbery involved the same victim. Even assuming Hall cites to a factual basis, this court stated that its decision was controlled by Boler, which involved a similar factual scenario. Here, however, there were separate criminal episodes in which Appellant first committed the robbery, then kidnapped the victim, and finally participated in the victim’s murder. Thus, Appellant’s felony murder conviction based on kidnapping can support a separate minimum mandatory term.
The Florida Supreme Court’s opinion in Traylor v. State, 785 So.2d 1179 (Fla.2000), does not mandate reversal here. In Tray-lor, the only possible underlying felony conviction which formed the predicate for the attempted felony murder conviction was attempted sexual battery with a deadly weapon. There, the supreme court held that because the defendant was charged with both attempted premeditated murder and attempted felony murder, it would be error to assume the jury convicted the defendant of attempted premeditated murder, rather than the attempted felony murder. Id. at 1182. Because the underlying felony could not be enhanced for the use of a weapon, which was an element of the crime, the court reasoned that the attempted felony murder conviction could not be enhanced. Id. Of course, it is logical that the court there held it could not assume the jury found premeditation, as that requires proof of an element of a crime, to wit: premeditation.
Here, however, Appellant was charged and convicted of felony murder based on the underlying felony of either robbery or kidnapping. There is no dispute that Appellant committed both crimes. The only reasonable interpretation of the facts and the charging document, however, is to assume that the jury found the murder occurred during the course of the kidnapping, not the robbery. See generally, Burnette v. State, 157 So.2d 65, 70 (Fla.1963) (noting that courts must assume that a juror, properly instructed, will render a true verdict “ ‘according to the law and the evidence.’ ”) (citation omitted). Here, based on the evidence, it is clear beyond a reasonable doubt that the victim was murdered during the kidnapping, not the robbery. See generally, Crain v. State, 894 So.2d 59, 67-71 (Fla. 2004) (discussing elements of kidnapping statute in context of claim of fundamental error in felony murder instruction, where jury found child victim murdered during course of kidnapping).
This is not a case of an armed robbery and a kidnapping occurring at the robbery scene. See, e.g., Rimmer v. State, 825 So.2d 304 (Fla.2002) (robbery and kidnap *620 ping victims murdered at robbery scene lying on ground with hands tied with duct tape). Nor is this a case where a kidnapping victim is robbed during the kidnapping. See, e.g., Caraballo v. State, 39 So.3d 1234 (Fla.2010) (victim robbed during kidnapping, sexually battered and murdered); but cf. Baker v. State, 71 So.3d 802, 822 n. 6 (Fla.2011) (trial court need not have merged aggravating factors in case where home invasion robbery victim was kidnapped and murdered away from home, because aggravating factors of ‘“murder in the course of a felony’ ” and “pecuniary gain” referred to different aspects of the crime, because kidnapping was the means to facilitate the robbery (citing Francis v. State, 808 So.2d 110, 136-37 (Fla.2001)). Therefore, Appellant’s consecutive minimum mandatory terms under these factual circumstances are not “illegal,” as defined under Florida Rule of Criminal Procedure 3.800(a), meaning that no court could impose such sentence under any factual circumstances.
The issue is not whether a rational jury could find Appellant guilty of felony murder based on either robbery or kidnapping, because a rational jury could render such a verdict; the issue is whether a trial court could lawfully impose consecutive minimum mandatory terms where, based on the undisputed facts, it is most likely and logical to assume the jury found the murder occurred during the kidnapping, not during the robbery, which was separated in both time and location from the kidnapping and murder. Therefore, because the consecutive terms here could be lawfully imposed for separate crimes, the sentences are not illegal. Downs, 616 So.2d at 446. I would affirm the trial court’s order denying relief and, therefore, I respectfully dissent.