654 So.2d 164 (1995)
Richard DINGLE, Appellant,
v.
The STATE of Florida, Appellee.
No. 94-912.
District Court of Appeal of Florida, Third District.
April 12, 1995.
Rehearing Denied May 24, 1995.
*165 Bennett H. Brummer, Public Defender, and Marti Rothenberg, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Douglas J. Glaid, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and BARKDULL and BASKIN, JJ.
BASKIN, Judge.
Defendant Richard Allen Dingle appeals convictions and sentences for first degree murder and aggravated child abuse stemming from the death of his girlfriend's baby. We reverse.
Defendant was watching the baby while the mother went to a dental appointment; defendant had never supervised the baby before that day. Defendant called emergency rescue services and reported that as he was feeding the baby, she started choking. He tapped her on the back; the baby spit up some food but became flaccid and listless. The baby was taken to the hospital and later died. The cause of death was determined to be trauma to the spinal cord and brain. There was conflicting testimony whether the baby also had wrist, forearm and sacrum fractures. Defendant was charged with first degree murder and aggravated child abuse.
The state filed its first witness list naming three medical experts in various specialties, thereafter amending the list to add a fourth medical expert. These experts were expected to testify that the fractures on the baby's wrist and arm predated the fatal injuries. Defendant was authorized to retain two medical pathologists as experts.
Two months before trial, the state successively amended its witness list to add three medical experts. After various attempts at locating the state's experts and scheduling depositions, see infra n. 3, defendant finally deposed the state's experts. The experts testified that the baby's wrist fractures were non-existent, or contemporaneous with the fatal injuries. Upon learning of the new testimony, defendant moved the court for appointment of two pediatric experts. Defendant asserted that the requested experts were experts in the field of pediatrics and would refute the testimony of the state's recently-added experts regarding the age of the fractures; defendant requested a trial continuance. The state argued that the experts defendant proposed were unnecessary because defendant already had two experts, and that the testimony defendant sought to refute had no bearing on the case. Defendant asserted that the new experts would testify that the baby's fatal injuries were inflicted some days before the day defendant had custody of the baby, as evidenced by the age of the other fractures. The trial court denied the request finding that defendant was not entitled to the same number of experts as the state, and that defendant already had two experts. The court also denied the request for a continuance.
At trial, the state presented the testimony of three expert witnesses: Dr. Roger Mittleman, a forensic pathologist, who testified that the wrist and sacral fractures were one to two weeks old, and that the baby's fatal injuries were inflicted within the time frame the baby was with the defendant; Dr. Michael Tidwell, a pediatric orthopedist, who testified that there were no hand or wrist fractures and that the fracture to the sacrum would be very painful, very noticeable, and would not allow the baby to move; Dr. Ronald Kim, a specialist in spinal cord pathology, neuropathology, and anatomic pathology, who testified that he did not examine any bones, and that the cause of death was a hard blow inflicted during the time the defendant was in charge of the baby.
The defendant's two expert witnesses, Dr. Raul Vila, a forensic pathologist, and Dr. Wayne Ross, an anatomical, forensic, and neurological pathologist, neither of whom were pediatric specialists, testified that the baby died from shock brought on by injuries inflicted several days before defendant had custody of the baby, and that these injuries caused the brain to swell continuously over a *166 period of days until it caused the baby to stop breathing. The jury found defendant guilty as charged. The court entered judgments of conviction and sentenced defendant.
Defendant's sole argument on appeal is that the trial court abused its discretion in denying his motion for the appointment of two additional experts. Section 914.06, Florida Statutes (1993), allows the trial court to appoint experts to assist in the defense of indigent persons.[1] While an indigent defendant is not entitled to the appointment of additional experts solely to match the number of experts hired by the state, Morgan v. State, 639 So.2d 6 (Fla. 1994), the principles of fundamental fairness require that the defendant be given the opportunity to present his or her case adequately within the adversary system. Ake v. Oklahoma, 470 U.S. 68, 83, 105 S.Ct. 1087, 1097, 84 L.Ed.2d 53, 65-66 (1985). A trial court's ruling on this issue will not be disturbed unless there has been an abuse of discretion. Martin v. State, 455 So.2d 370, 372 (Fla. 1984).
The Fifth District Court of Appeal, in Cade v. State, ___ So.2d ___ [1995 WL 326107] (Fla. 5th DCA 1995), thoroughly reviewed the case law in this area. The Cade court concluded that the standard generally adopted for determining whether the trial court abused its discretion in denying defendant's motion for the appointment of expert witnesses is to weigh whether necessity compels the appointment of the expert and whether the defendant was prejudiced by the trial court's denial of the motion requesting the expert assistance. The Cade court followed the "developed assertion of reasonable necessity" test enunciated in Moore v. Kemp, 809 F.2d 702 (11th Cir.), cert. denied, 481 U.S. 1054, 107 S.Ct. 2192, 95 L.Ed.2d 847 (1987). This test appears to take into consideration the only requirement enunciated in section 914.06, that the expert's opinion be "relevant to the issues of the case."
To determine whether the court abused its discretion in denying defendant's motion, we must first find that defendant demonstrated the need for the appointment of the expert. "[I]f the defendant desires the appointment of an expert so that he can present an affirmative defense, ... he must demonstrate a substantial basis for the defense... ." Moore, 809 F.2d at 712. In this case, in support of his motion, defendant eloquently argued that the evidence regarding the timing of the infant's injuries was pivotal to a determination of guilt or innocence as there was no dispute that defendant had never before supervised the baby. Cade, ___ So.2d at ___ ("DNA evidence was central to the state's case"). Indeed, if defendant had been permitted to establish through expert testimony that the fatal injuries were inflicted several days before he was entrusted with the infant, defendant may have been able to cast sufficient doubt upon the state's case to persuade a jury to return a verdict of acquittal.
Moreover, counsel's request for the appointment of two additional experts was very specific. Counsel adequately articulated the "basis for having an expert beyond telling the judge that the subject is `complicated.'" Cade, ___ So.2d at ___. Defense counsel specifically identified for the court the experts he sought to have appointed, explained to the court their expertise, their proffered testimony, outlined for the court the testimony from the state's experts the requested experts were rebutting, and illustrated why the proffered testimony was crucial to defendant's theory of defense.[2] In Cade, the court found that defendant's open-ended request for experts was insufficient to establish a need for expert assistance. Here, defense counsel adequately established the defendant's *167 need for the experts sought. Finally, the request for the experts was timely in view of the peculiar circumstances and difficulties attendant to deposing the state's expert witnesses.[3]
Having concluded that defendant established the need for the experts, we next consider whether denial of the motion to appoint the experts prejudiced defendant, making the denial of the motion an abuse of discretion. The state's evidence consisted mainly of the testimony of experts who opined that the infant's injuries occurred within the time frame the infant was with the defendant, and the state's eleventh-hour additional experts added incriminating testimony contrary to that of its earlier listed witnesses. The experts defendant sought to have appointed were meant to rebut this latest testimony, on the very theory of defense: the timing of the infant's injuries. A review of the record demonstrates that the proffered testimony would have "materially aided the defendant through testimony at trial." Cade, ___ So.2d at ___. The denial of the motion denied defendant the opportunity to prepare and adequately present his defense.
Because defendant was prejudiced and denied a fundamentally fair trial by the court's denial of his motion for additional experts, we hold that the court abused its discretion in denying the motion for additional experts. We therefore reverse the convictions and remand the cause for a new trial.
Reversed and remanded.
NOTES
[1] Section 914.06, Florida Statutes (1993), compensation of expert witnesses in criminal cases, provides:

In a criminal case when the state or an indigent defendant requires the services of an expert witness whose opinion is relevant to the issues of the case, the court shall award reasonable compensation to the expert witness that shall be taxed and paid by the county as costs in the same manner as other costs.
[2] Defendant's showing should include "a specific description of the expert or experts desired," and defendant must "inform the court why the particular expert is necessary." Moore, 809 F.2d at 712.
[3] The record reveals that the court moved the final trial date several times, finally setting the trial for February 28, 1994. The state filed its initial witness lists in February and December 1992; the state added one more expert, Dr. Curliss, in August 1993. Despite several attempts at deposing Dr. Curliss, and a court order mandating the state to provide Dr. Curliss for deposition, the defendant was not able to depose Dr. Curliss until January 18, 1994.

The state added Dr. Nelson as an expert on December 30, 1993, two months before the trial date. Defendant was not able to depose Dr. Nelson until February 15, 1994. Dr. Tidwell and Dr. Kim were added as witnesses by the state on January 25, and 27, 1994. Defendant deposed them on February 10th and 3rd respectively. Defendant's motion for appointment of experts and motion for continuance of the trial was filed February 25, ten days after Dr. Nelson's deposition.