678 So.2d 319 (1996)
Afghari BOLER, et al., Appellants,
v.
STATE of Florida, Appellee.
No. 85623.
Supreme Court of Florida.
July 11, 1996.
*320 James B. Gibson, Public Defender, and Nancy Ryan, Assistant Public Defender, Seventh Judicial Circuit, Daytona Beach, for Appellants.
Robert A. Butterworth, Attorney General; and Kellie A. Nielan and Belle B. Turner, Assistant Attorneys General, Daytona Beach, for Appellee.
HARDING, Justice.
We have for review the judgments of two trial courts which the Fifth District Court of Appeal certified as being of great public importance and requiring immediate resolution by this Court.[1] Although the district court stated that it passed through the two cases pursuant to article V, section 3(b)(4), pass through jurisdiction is actually contained in article V, section 3(b)(5) of the Florida Constitution, and we accept jurisdiction on that basis.[2]
This case originated as two separate cases that were consolidated by the district court. Boler v. State, 654 So.2d 603, 604 (Fla. 5th DCA 1995). Afghari Boler was convicted of first-degree felony murder and robbery for killing a convenience store clerk during an armed robbery. Boler was sentenced to life imprisonment for the murder and a consecutive life sentence for the robbery, which included a three-year minimum mandatory sentence for the use of a firearm. Boler v. State, No.93-1622 at 1 (Fla. 5th DCA Apr. 26, 1995) (unpublished panel opinion). Sonny Boy Oats, III, was convicted of third-degree felony murder and grand theft for an incident where he grabbed the purse of an elderly disabled woman. A bystander suffered cardiac arrhythmia while pursuing Oats in an attempt to recover the purse; the pursuer subsequently died. Oats v. State, No. 93-2092 at 1, 8-9 (Fla. 5th DCA Apr. 26, 1995) (unpublished panel opinion). On appeal to the Fifth District Court of Appeal, Boler and Oats each argued that his dual convictions violated the constitutional guarantee against double jeopardy. A three-judge panel of the district court reversed Boler's conviction and *321 sentence on the robbery count, based upon a double jeopardy violation. Boler, unpublished op. at 8. A different district court panel found no double jeopardy violation and affirmed Oats' convictions. Oats, unpublished op. at 1-8.
Because the two cases involved a common double jeopardy issue, the district court consolidated the cases for en banc resolution of the conflicting double jeopardy rulings. Boler, 654 So.2d at 604. However, the district court divided four to four[3] and was unable to resolve the conflict between the two panel decisions. Id. Instead, the court passed through the issue as one of great public importance to this Court. Id.
In State v. Enmund, 476 So.2d 165, 167 (Fla.1985), this Court held that the underlying felony is not a necessarily included offense of felony murder. Thus, "a defendant can be convicted of and sentenced for both felony murder and the underlying felony." Id. at 168. The district court essentially asks us to determine whether that holding is still valid in light of the United States Supreme Court's recent decision in United States v. Dixon, 509 U.S. 688, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993).
Dixon involved two individuals who were tried for criminal contempt of court for violating court orders prohibiting them from engaging in conduct that was later the subject of a criminal prosecution. Id. at 691-92, 113 S.Ct. at 2853-54. The Supreme Court was asked to determine whether such subsequent criminal prosecutions were barred by the Double Jeopardy Clause. Id. Only Parts I, II, and IV of the Dixon opinion garnered a majority vote, with the Court fragmenting as to the remaining issues. However, in Part IV a majority of the Supreme Court rejected any distinction between the meaning of "same offence" in the context of multiple punishments as opposed to the context of multiple prosecutions. "[I]t is embarrassing to assert that the single term `same offence' ... has two different meanings," one for successive prosecution cases and another for successive punishment cases. Id. at 704, 113 S.Ct. at 2860 (Justice Scalia writing for the Court in the context of rebutting Justice Souter's dissenting opinion that there are two different strands of double jeopardy analysis). The majority also overruled the Grady "same-conduct" test,[4] finding it "wholly inconsistent with earlier Supreme Court precedent and with the clear common-law understanding of double jeopardy." Dixon, 509 U.S. at 704, 113 S.Ct. at 2860.
Thus, Dixon leaves intact only one analysis for determining whether a successive prosecution or a successive punishment is prohibited by the Double Jeopardy Clause: the Blockburger[5] "same-elements" test. This test inquires whether each offense contains an element not contained in the other; if not, they are the same offense and double jeopardy bars subsequent punishment or prosecution. Blockburger, 284 U.S. at 304, 52 S.Ct. at 182; Dixon, 509 U.S. at 696-97, 113 S.Ct. at 2856. However, as the Supreme Court explained in Albernaz v. United States, 450 U.S. 333, 340, 101 S.Ct. 1137, 1143, 67 L.Ed.2d 275 (1981), "[t]he Blockburger test is a `rule of statutory construction,' and because it serves as a means of discerning congressional purpose the rule should not be controlling where, for example, there is a clear indication of contrary legislative intent."
This Court has also explained that legislative intent is the dispositive question in determining whether double jeopardy bars separate convictions and sentences for offenses arising from a single episode. State v. Smith, 547 So.2d 613, 614 (Fla.1989). "`[T]he Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended.'" Id. (quoting Missouri v. *322 Hunter, 459 U.S. 359, 366, 103 S.Ct. 673, 678, 74 L.Ed.2d 535 (1983)).
In Enmund, we found "sufficient intent that the legislature intended multiple punishments when both a murder and a felony occur during a single criminal episode." 476 So.2d at 167. Accordingly, we concluded that Enmund could be convicted of and sentenced for both felony murder and the underlying felony of robbery. Id. at 168. We have consistently adhered to that position. See, e.g., Cardona v. State, 641 So.2d 361, 364 n. 2 (Fla.1994), cert. denied, ___ U.S. ___, 115 S.Ct. 1122, 130 L.Ed.2d 1085 (1995); Valdes v. State, 626 So.2d 1316, 1322 n. 8 (Fla.1993), cert. denied, ___ U.S. ___, 114 S.Ct. 2725, 129 L.Ed.2d 849 (1994).
The appellants argue that the 1988 amendment to the rules of construction in section 775.021(4), Florida Statutes (1991), requires this Court to recede from Enmund. See ch. 88-131, § 7, at 709-10, Laws of Fla. (stating a legislative intent "to convict and sentence for each criminal offense committed in the course of one criminal episode or transaction"). As we explained in Smith, the 1988 amendment of section 775.021(4) was intended to override our previous decision in Carawan.[6] 547 So.2d at 614-16. Nothing in the 1988 amendment changes the conclusion that we reached in Enmund, namely that "the legislature intended multiple punishments when both a murder and a felony occur during a single criminal episode." 476 So.2d at 167.
For the reasons discussed above, we conclude that neither Dixon nor section 775.021(4) prohibits a Florida defendant from being separately convicted and sentenced for felony murder and the qualifying felony. Thus, we affirm the trial courts' judgments adjudicating Boler and Oats guilty of both felony murder and the qualifying felony and imposing sentences for both offenses.
Boler raises an additional issue relating to the mandatory minimum sentences imposed in his case. Boler was sentenced to life imprisonment with a mandatory minimum sentence of twenty-five years for first-degree murder.[7] His consecutive life sentence for robbery included a three-year minimum mandatory term for use of a firearm.[8] Boler contends that these mandatory minimum sentences may not be imposed consecutively.
We have held that enhancement sentences arising out of a single criminal episode may not be imposed consecutively. Jackson v. State, 659 So.2d 1060 (Fla.1995) (prohibiting consecutive three-year minimum mandatory sentence for possession of a firearm and habitual offender minimum mandatory sentences); Hale v. State, 630 So.2d 521 (Fla. 1993) (prohibiting consecutive habitual offender minimum mandatory sentences), cert. denied, ___ U.S. ___, 115 S.Ct. 278, 130 L.Ed.2d 195 (1994). However, "we [have] distinguished statutory sentences in which the legislature ha[s] included a minimum mandatory sentence, such as the sentences for capital crimes, from sentences in which there is no minimum mandatory penalty although one may be provided as an enhancement through [another statute]." Hale, 630 So.2d at 524; accord Jackson, 659 So.2d at 1063. For example, in Enmund we approved consecutive twenty-five-year minimum mandatory sentences for two murders committed in the same criminal episode because we found legislative intent that the minimum mandatory time be imposed either consecutively or concurrently, in the trial court's discretion, for each and every homicide. 476 So.2d at 168.
In Boler's case, however, we are presented with a different question: whether a minimum mandatory sentence contained in an enhancement statute and a statutorily-required minimum mandatory sentence can be imposed consecutively. In our previous cases involving enhanced minimum mandatory sentences that were imposed consecutively, we were guided by the lack of specific legislative authorization in the enhancement *323 statute. See, e.g., Hale, 630 So.2d at 525 (finding no such authorization in the habitual offender statute). In fact, in Palmer v. State, 438 So.2d 1, 3, 4 (Fla.1983), in considering the same enhancement statute at issue in this case, section 775.087, we found no express authority to impose a sentence, without eligibility of parole, greater than three calendar years.
The portions of section 775.087(2)(a), Florida Statutes (1991), which pertain to Boler's sentence have not changed since we issued our opinion in Palmer. Because the statute provides no express authority to impose a minimum mandatory sentence greater than three years, we conclude that Boler's minimum mandatory sentences must run concurrently. Cf. Pangburn v. State, 661 So.2d 1182, 1187 (Fla.1995) (holding that habitual offender minimum mandatory sentence for robbery must run concurrently with sentences imposed for two first-degree murder convictions).
Oats also contends that the trial court erred in denying his motion to dismiss the third-degree felony murder charge against him. Oats' motion to dismiss claimed that the undisputed facts failed to establish legal causation as to the pursuer's death. See Fla. R.Crim. P. 3.190(c)(4) (court may entertain at any time a motion to dismiss on the grounds that there are no material disputed facts and the undisputed facts do not establish a prima facie case of guilt against the defendant). The State filed a traverse denying some of the facts in the motion to dismiss and adding other material facts. The State also asserted that Oats' motion did not establish an absence of a prima facie case against Oats, as required by rule 3.190(c)(4).
In his motion to dismiss and in argument to this Court, Oats relies upon several cases where Florida courts have dismissed convictions for manslaughter based upon a determination that the defendant's conduct could not be the legal cause of another's death. See Tipton v. State, 97 So.2d 277 (Fla.1957) (reversing manslaughter conviction against defendants who pushed elderly gas station attendant who fell and died from heart attack); Todd v. State, 594 So.2d 802 (Fla. 5th DCA 1992) (reversing manslaughter conviction against defendant who stole church collection plate and was chased by parishioner who died of heart attack); Penton v. State, 548 So.2d 273 (Fla. 1st DCA) (reversing manslaughter conviction against defendant who stole child's bicycle and was chased by father who died from release of fat emboli), review denied, 554 So.2d 1169 (Fla.1989).
We find these cases distinguishable from the instant case. The cases cited by Oats involved misdemeanor-manslaughter charges based upon unintended homicides that occurred during the commission of an unlawful act not amounting to a felony. The cited cases also focus on the causation element and the foreseeability that the defendant's actions could result in physical harm; in each instance the court concluded that legal causation had not been proven. See Tipton, 97 So.2d at 281-82; Todd, 594 So.2d at 804-06; Penton, 548 So.2d at 274-75.
In assessing legal causation, a court must consider "the act in its surroundings at the time of its commission." Tipton, 97 So.2d at 281. In the instant case, Oats was charged with third-degree felony murder based upon grand theft. The grand theft was committed when Oats stole a purse containing more than $300 from an elderly, disabled woman in a public mall at a time of day when the mall was frequented by many potential witnesses and bystanders. Oats, unpublished op. at 9. In its traverse, the State disputed Oats' allegations that he did not use violence either to steal the purse or to elude his pursuer.
When considering a defendant's rule 3.190(c)(4) motion to dismiss, all questions and inferences from the facts must be resolved in favor of the state. State v. Fuller, 463 So.2d 1252 (Fla. 5th DCA 1985). Moreover, where a defendant's sworn motion to dismiss is met with a traverse by the state which specifically denies under oath material facts alleged, the motion to dismiss must automatically be denied. Fla. R.Crim. P. 3.190(d); State v. Sawyer, 526 So.2d 191 (Fla. 3d DCA 1988). Thus, we find that the trial court properly denied Oats' motion to dismiss.
*324 For the reasons expressed above, we answer the issue framed by the district court in the affirmative;[9] affirm the trial court's judgment in Oats' case; and affirm in part and reverse in part the judgment in Boler's case. Upon remand, the trial court is to impose Boler's minimum mandatory sentences to run concurrently rather than consecutively.
It is so ordered.
KOGAN, C.J., and SHAW, GRIMES and ANSTEAD, JJ., concur.
WELLS, J., concurs in part and dissents in part with an opinion.
OVERTON, J., dissents with an opinion.
WELLS, Justice, concurring in part and dissenting in part.
I concur with the majority as to all issues except I would also affirm Boler's consecutive minimum mandatory sentences. I find this case is not controlled by Pangburn v. State, 661 So.2d 1182 (Fla.1995), or Palmer v. State, 438 So.2d 1 (Fla.1983).
I believe this issue is controlled by this Court's decision in Downs v. State, 616 So.2d 444 (Fla.1993). In that case, this Court answered in the affirmative the certified question. By doing so, this Court specifically held that in cases involving capital felonies a trial judge has discretion to stack minimum mandatory sentences together with noncapital felonies committed with the use of a firearm where the predicate offenses all occurred during the course of the same criminal episode. The majority opinion omits any reference to this clear holding. I fail to see why the trial judge erred in exercising the discretion which this Court said in Downs the trial judge had.
OVERTON, Justice, dissenting.
I adhere to my dissent in State v. Enmund, 476 So.2d 165 (Fla.1985). I explained that, because the elements of the felony are the elements utilized as a substitute for premeditation in establishing first-degree murder, two separate sentences should not be imposed for the identical conduct. I find that the recent United States Supreme Court decision in United States v. Dixon, 509 U.S. 688, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993), is consistent with my view expressed in Enmund.
NOTES
[1] The district court passed through to this Court the following issue which is common to both of the cases:

AFTER UNITED STATES v. DIXON, [509] U.S. [688], 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993), MAY A DEFENDANT, IN FLORIDA, BE SEPARATELY CONVICTED AND SENTENCED FOR THE FELONY MURDER AND THE QUALIFYING FELONY EVEN IN THE SAME PROSECUTION?
Boler v. State, 654 So.2d 603, 604 (Fla. 5th DCA 1995).
[2] We do not have jurisdiction to answer a certified question of great public importance under article V, section 3(b)(4) where there is no district court "decision" for our review. In this case, the en banc district court was unable to resolve the conflicting panel results when it divided four to four on the double jeopardy issue. Id. The district court specifically withheld mandate in both cases until this Court decided the issue. Id.
[3] The district court elected not to delay the matter until a replacement could be named to fill the vacancy caused by the death of Judge George Diamantis.
[4] Grady v. Corbin, 495 U.S. 508, 510, 110 S.Ct. 2084, 2087, 109 L.Ed.2d 548 (1990), ruled that "the Double Jeopardy Clause bars a subsequent prosecution if, to establish an essential element of an offense charged in that prosecution, the government will prove conduct that constitutes an offense for which the defendant has already been prosecuted."
[5] Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).
[6] In Carawan v. State, 515 So.2d 161, 167 (Fla. 1987), we concluded that the legislature "does not intend to punish the same offense under two different statutes."
[7] § 775.082(1), Fla. Stat. (1991).
[8] § 775.087(2)(a)1., Fla. Stat. (1991).
[9] Although the district court's question is not properly before this Court, we answer it in order to clarify the issue.