680 So.2d 1067 (1996)
Alman Hugh GREEN, Appellant,
v.
The STATE of Florida, Appellee.
District Court of Appeal of Florida, Third District.
October 2, 1996.
Bennett H. Brummer, Public Defender, and Scott M. Bernstein, Special Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and Roberta G. Mandel, Assistant Attorney General, for appellee.
*1068 Before NESBITT, COPE and FLETCHER, JJ.

On Rehearing Granted
COPE, Judge.
We grant the State's motion for rehearing, withdraw the opinion dated June 26, 1996, and substitute the following opinion:
Alman Hugh Green appeals his conviction of felony murder and aggravated child abuse. We affirm.
Defendant's nine-month-old daughter died of skull fractures inflicted while in defendant's sole care. The medical evidence showed three separate fractures which had to be caused by three separate blows. Each blow was sufficient to cause death. The injuries were too severe to be caused by an accidental fall.
Defendant was convicted of one count of felony murder and one count of aggravated child abuse. On this appeal he argues that under this court's decision in Laines v. State, 662 So.2d 1248 (Fla. 3d DCA 1995), review denied, 670 So.2d 940 (Fla.1996), he may only be convicted of felony murder, or aggravated child abuse, but not both. We disagree.
The homicide statute provides that a defendant is guilty of felony murder if he causes the death of another human being while engaged in any one of ten enumerated violent felonies.[1] One of the enumerated violent felonies is aggravated child abuse. Id. § 782.04(1)(a)2.h. Insofar as pertinent here, aggravated child abuse includes committing an aggravated battery on a child, or willfully torturing a child, or maliciously punishing a child. Id. § 827.03(1)(a)-(c).
Simply put, defendant can be convicted of both felony murder and the qualifying felony because the felony murder statute says so. The Florida Supreme Court recently so held in Boler v. State, 678 So.2d 319 (Fla. 1996), which specifically addresses the issue now before us. The court stated in part:
This Court has also explained that legislative intent is the dispositive question in determining whether double jeopardy bars separate convictions and sentences for offenses arising from a single episode. State v. Smith, 547 So.2d 613, 614 (Fla.1989). "`[T]he Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended.'" Id. (quoting Missouri v. Hunter, 459 U.S. 359, 366, 103 S.Ct. 673, 678, 74 L.Ed.2d 535 (1983)).
In [State v.] Enmund [,476 So.2d 165 (Fla.1985),] we found "sufficient intent that the legislature intended multiple punishments when both a murder and a felony occur during a single criminal episode." 476 So.2d at 167. Accordingly, we concluded that Enmund could be convicted of and sentenced for both felony murder and the underlying felony of robbery. Id. at 168. We have consistently adhered to that position. See, e.g., Cardona v. State, 641 So.2d 361, 364 n. 2 (Fla.1994), cert. denied, ___ U.S. ___, 115 S.Ct. 1122, 130 L.Ed.2d 1085 (1995); Valdes v. State, 626 So.2d 1316, 1322 n. 8 (Fla.1993), cert. denied, ___ U.S. ___, 114 S.Ct. 2725, 129 L.Ed.2d 849 (1994).
The appellants argue that the 1988 amendment to the rules of construction in section 775.021(4), Florida Statutes (1991), requires this court to recede from Enmund. See ch. 88-131, § 7, at 709-10, Laws of Fla. (stating a legislative intent "to convict and sentence for each criminal *1069 offense committed in the course of one criminal episode or transaction"). As we explained in Smith, the 1988 amendment of section 775.021(4) was intended to override our previous decision in Carawan [v. State, 515 So.2d 161 (Fla.1987)]. 547 So.2d at 614-16. Nothing in the 1988 amendment changes the conclusion that we reached in Enmund, namely that "the legislature intended multiple punishments when both a murder and a felony occur during a single criminal episode." 476 So.2d at 167.
Boler v. State, 678 So.2d 319 (footnote omitted; emphasis added). By its terms, Boler applies to all felony murder cases, and we follow it here.
Defendant argues that the Boler decision is distinguishable on its facts and cannot be applied to the present case. Defendant points out that in the consolidated Boler appeal, Boler had killed a convenience store clerk during an armed robbery, and the other defendant, Oats, had caused the death of an elderly victim while committing a purse snatch. 678 So.2d at 319-20. Defendant reasons that dual convictions are permissible so long as the underlying felony was directed at property, rather than directed at inflicting physical harm on the victim. That argument misses the entire point of the Boler decision.
The supreme court took considerable pains to explain that the issue involved here is legislative intent. The Boler court concluded that in enacting the felony murder statute, the legislature specifically intends that a defendant can be charged with both felony murder and the qualifying felony. Contrary to defendant's position, the Boler analysis does not in any way hinge on the nature of the qualifying felony or the specific facts of the case.[2]
Defendant's reliance on this court's Laines decision is misplaced. Laines did not involve a prosecution under the felony murder statute. In Laines the defendant was convicted of second degree murder and aggravated battery. 662 So.2d at 1248. The defendant in rapid succession struck the victim several times and shot the victim several times. Id. at 1249. As the Laines panel viewed the evidence, all of the blows and gunshot wounds contributed to the victim's death. Id. at 1249, 1253.
The Laines panel concluded that, as a matter of legislative intent, the legislature could not have intended that the defendant be charged separately for each of the blows and gunshot wounds which culminated in the victim's death. Id. at 1249-50. The panel reasoned that if a rapid succession of blows and gunshot wounds caused the victim's death, the legislature must have intended that the defendant be punished under the homicide statute for the resulting death, but the legislature did not intend for the various separate acts to be the subject of additional criminal charges. The Laines panel recognized that a contrary argument could be made under subsection 775.021(4), Florida Statutes,[3] but in view of the large number of *1070 criminal charges which could theoretically be lodged against a defendant in circumstances like Laines, the panel concluded that to allow multiple charges would be "a result which we think the legislature could not possibly have intended." 662 So.2d at 1250. The point of Laines is very clear. The decision rests entirely on the panel's perception of what the legislature intended.
With that explanation, it is clear why Laines has no application to the case now before us. In the present case, unlike Laines, we deal with the felony murder statute. The felony murder statute authorizes a defendant to be prosecuted for both felony murder and the qualifying felony of aggravated child abuse.
The convictions and sentences are affirmed.
NOTES
[1] The homicide statute provides, in relevant part:

782.04 Murder.
(1)(a) The unlawful killing of a human being:
. . . .
2. When committed by a person engaged in the perpetration of, or in the attempt to perpetrate, any:
a. Trafficking offense prohibited by s. 893.135(1),
b. Arson,
c. Sexual battery,
d. Robbery,
e. Burglary,
f. Kidnapping,
g. Escape,
h. Aggravated child abuse,
i. Aircraft piracy, or
j. Unlawful throwing, placing, or discharging of a destructive device or bomb; ...
. . . .
is murder in the first degree and constitutes a capital felony, punishable as provided in s. 775.082.
§ 782.04(1)(a)2, Fla. Stat. (1991).
[2] Defendant's analysis is also an inaccurate depiction of felony murder cases. Defendant suggests that the felony murder rule is applied only where the defendant's acts started out solely as a property crime, e.g., to hold up the convenience store, and then by some accident or misadventure, the defendant killed the convenience store clerk. In reality, however, the defendant is properly chargeable with felony murder even if he had a fully premeditated intent to kill, e.g., even if he fully intended to kill the convenience store clerk from the outset, or even if he made a conscious premeditated decision during the course of the robbery to kill the convenience store clerk so as to eliminate the clerk as a witness. Numerous cases are charged both as premeditated murder and first degree felony murder, because in numerous cases the facts fully support both premeditated murder and felony murder. It is not true that felony murder prosecutions are reserved for cases in which the defendant had no specific intention to kill.

Finally, in aggravated child abuse cases there is ordinarily overt physical violence which is directed towards a child. By specifically including the category of aggravated child abuse within the felony murder statute, the legislature clearly contemplated that both charges can be made where violence directed at the child results in the death of the child.
[3] Subsection 775.021(4), Florida Statutes (1991) provides:

(4)(a) Whoever, in the course of one criminal transaction or episode, commits an act or acts which constitute one or more separate criminal offenses, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense; and the sentencing judge may order the sentences to be served concurrently or consecutively. For the purposes of this subsection, offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial.
(b) The intent of the Legislature is to convict and sentence for each criminal offense committed in the course of one criminal episode or transaction and not to allow the principle of lenity as set forth in subsection (1) to determine legislative intent. Exceptions to this rule of construction are:
1. Offenses which require identical elements of proof.
2. Offenses which are degrees of the same offense as provided by statute.
3. Offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense.