THOMPSON, Judge,
concurring in part, dissenting in part.
I respectfully dissent. I would affirm As-trop’s convictions for both offenses based upon the Florida Supreme Court’s clarifying decision in Boler v. State, 678 So.2d 319 (Fla.1996), which found it appropriate to punish for both felony murder and the qualifying felony. The court determined that its holding in State v. Enmund, 476 So.2d 165 (Fla.1985), that the underlying felony is not a necessarily included offense of felony murder, was “still valid in light of the United States Supreme Court’s recent decision in *1157 United States v. Dixon, 509 U.S. 688, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993).” Id. at 310. I think the reasoning applies to cases other than those involving felony murder.
In Williams v. Singletary, 78 F.3d 1510, 1515 (11th Cir.1996), cert. denied, — U.S. —, 117 S.Ct. 221, 136 L.Ed.2d 154 (1996), the court in analyzing whether a defendant could be punished for both burglary with an assault and assault stated, “[t]he Florida Supreme Court has not resolved the question of whether the Florida Legislature clearly intended to prescribe separate and cumulative punishments for first degree burglary and the underlying crimes that elevate it to a first degree offense.” I would liken the separate convictions for burglary with an assault and assault to separate convictions for felony murder and the underlying felony. In my opinion, Boler has resolved the issue raised in Williams since the reasoning would apply to both sets of charges. In Boler, the court determined the legislature intended to permit multiple convictions and sentences for offenses based on a single act. See Missouri v. Hunter, 459 U.S. 359, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983); Enmund; § 775.021(4), Fla. Stat. (1993).
To the extent that this court would restrict the holding of Boler to felony murder only, and would argue that section 775.021(4) requires that the assault be subsumed in the conviction for burglary with an assault, I disagree. The Williams court recognized that if there was no clear intent expressed by the Florida Legislature to punish burglary with an assault and assault separately when the assault is used to elevate simple burglary to a first degree burglary, then “same-elements” test of Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932) to see if assault contained the same elements as the more serious crime. In deciding which crime (burglary, first degree burglary or burglary with an assault) the test would be applied to, the court used burglary with an assault, and relied on cases from Florida’s appellate courts which examined the same question. Id. at 1516. In the instant case, I would use burglary for comparative purposes and conclude that assault is not subsumed within the charge. Without doing violence to the concept of lenity, I cannot reconcile Boler and Enmund, wherein the underlying felony was not subsumed in the greater offense, yet argue that the assault is subsumed in the greater charge of burglary.
However, I would remand for resentencing because of one error on the scoresheet. The correct total of the scored points is 100, which would have placed Astrop in a lower cell. Fla. R.Crim. P. 3.988(e). The error may have resulted from miscalculation or from a failure to list scoreable offenses. If, after rescoring, Astrop falls into a lower cell, the trial court may consider imposing a departure sentence. State v. Betancourt, 552 So.2d 1107 (Fla.1989).