694 So.2d 157 (1997)
Richard N. NIXON, Appellant,
v.
STATE of Florida, Appellee.
No. 96-1702.
District Court of Appeal of Florida, Fourth District.
June 4, 1997.
Richard L. Jorandby, Public Defender, and Tatjana Ostapoff, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Patricia Ann Ash, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
We find no error in the trial judge's failure to conduct a competency hearing. See Lane v. State, 388 So.2d 1022 (Fla.1980); Jones v. State, 362 So.2d 1334 (Fla.1978). Any error in limiting the testimony of the defense psychiatric expert was not preserved for appeal, because of the failure to proffer the testimony. See § 90.104(1)(b), Fla. Stat. (1995); Woodson v. State, 483 So.2d 858 (Fla. 5th DCA 1986). From what does appear in the record, the proposed testimony may have been inadmissible as hearsay, insofar as it involved the expert relating the contents of articles that he had read. The expert may not serve as a conduit for placing inadmissible evidence before the jury. See 3-M Corporationr-McGhan Medical Reports Div. v. Brown, 475 So.2d 994 (Fla. 1st DCA 1985); Kurynka v. Tamarac Hosp. Corp., 542 So.2d 412 (Fla. 4th DCA), review denied, Richter v. Kurynka, 551 So.2d 462, and 551 So.2d 463 (Fla.1989), receded from on other grounds, Love v. Garcia, 611 So.2d 1270 (Fla. 4th DCA 1992); Ehrhardt, Florida Evidence § 704.1 (1996 ed.). Finally, we find no double jeopardy violation. Green v. State, 680 So.2d 1067 (Fla. 3d DCA 1996); see Boler v. State, 678 So.2d 319 (Fla.1996).
AFFIRMED.
GLICKSTEIN, PARIENTE and GROSS, JJ., concur.