PER CURIAM.
Appellant, Richard Dingle, was convicted and sentenced for first degree felony murder and aggravated child abuse after the retrial of this cause.[1] He raises three issues on this appeal. We affirm.
Dingle was charged with both aggravated child abuse and the felony murder of his girlfriend’s eight-month-old infant who had been entrusted in his care by the baby’s mother while she went to the dentist. The baby’s mother testified essentially at Dingle’s first trial that the infant was healthy when she left the victim in Dingle’s care. After the first trial, but six months prior to the retrial of this cause, the victim’s mother was arrested and charged with drug possession. She entered into a negotiated plea with the state for her to enter into a year long drug program and have her records sealed upon successful completion of the program. She was still in the drug program at the time of Dingle’s second trial. Dingle sought unsuccessfully to cross examine her in this cause about her pending drug case. Dingle first asserts on this appeal that the trial court committed reversible error when it precluded him from cross examining the victim’s mother about her pending criminal charges where it was relevant to show bias, motive, or self-interest in testifying in favor of the state.
It is certainly established and true that a defendant has an absolute right to cross examine a prosecution witness about pending criminal charges against the witness even when they relate to a different offense. See Breedlove v. State, 580 So.2d 605, 608 (Fla.1991); Torres-Arboledo v. State, 524 So.2d 403, 408 (Fla.), cert. denied, 488 U.S. 901, 109 S.Ct. 250, 102 L.Ed.2d 239 (1988); Cortes v. State, 670 So.2d 119, 121 (Fla. 3d DCA 1996). However, any error in precluding such cross-examination is subject to the harmless error rule where as here, the subject witness was not the key witness to the state’s case and the witness’ testimony regarding the health of the victim on the day in question was merely cumulative to other testimony adduced. See Patterson v. State, 501 So.2d 691, 692 (Fla. 2d DCA 1987); but see Cortes, 670 *835 So.2d at 121 (it was clear error to prohibit cross-examination of a key prosecution witness regarding pending charges); Douglas v. State, 627 So.2d 1190, 1192 (Fla. 1st DCA 1993) (error not harmless where trial court limited cross-examination of informant who was essential element of trial); Simmons v. State, 552 So.2d 268, 269 (Fla. 1st DCA 1989) (where informant’s testimony was sole evidence relating to charge of possession of a controlled substance with intent to sell; defendant had an absolute right to expose any prior convictions or pending charges against informant for the purposes of impeaching informant’s credibility and/or demonstrating bias in favor of state), rev. denied, 563 So.2d 634 (Fla.1990).
Dingle next contends that the trial court erred when it denied his motion for judgment of acquittal where there was insufficient evidence to establish that he intentionally or knowingly caused the injuries to the child. Based upon our review of the evidence, we disagree and find that a jury could have reasonably concluded beyond a reasonable doubt that Dingle intentionally struck the infant with the intent to cause great bodily harm. See Larry v. State, 104 So.2d 352, 354 (Fla.1958) (evidence from which premeditation may be inferred includes such matters as the nature of the weapon used, the presence or absence of adequate provocation, previous difficulties between the parties, the manner in which the homicide was committed, and the nature and manner of the wounds inflicted); see also Hardwick v. State, 630 So.2d 1212, 1214-15 (Fla. 5th DCA 1994).
Finally, Dingle’s last argument is that he was entitled to an acquittal or dismissal of the aggravated child abuse charge on the grounds of double jeopardy. Specifically, Dingle was charged in count one of the indictment with first degree felony murder of the baby while engaged in the perpetration of aggravated child abuse by shaking and/or blunt trauma in violation of section 782.04(l)(a)(2), Florida Statutes (1991), and in count two with the aggravated child abuse of the baby by aggravated battery causing spinal cord trauma and intracranial injuries which resulted in her death in violation of section 827.03(1), Florida Statutes (1991). Dingle thus suggests that his conviction and sentences for both offenses runs afoul of his constitutional right against being placed in double jeopardy. We find that this court’s decision in Green v. State, 680 So.2d 1067 (Fla. 3d DCA 1996) is completely dispositive of this issue. In Green, this court specifically held that pursuant to Boler v. State, 678 So.2d 319 (Fla.1996), a defendant’s conviction for both felony murder and the underlying felony of aggravated child abuse was not barred by the double jeopardy clause.
Thus, finding no reversible’ error on any of the points raised on appeal, we affirm the convictions and sentences under review.
Affirmed.

. This cause was first tried in 1994 but Dingle’s conviction and sentence was reversed by this court, see Dingle v. State, 654 So.2d 164 (Fla. 3d DCA 1995), and a new trial was ordered.