ON MOTION FOR REHEARING

PER CURIAM.
The opinion previously filed in this cause, on November 6, 1996, is withdrawn and the following is substituted in its stead.
The defendant appeals his convictions and sentences for second-degree murder and kidnapping. For the following reasons, we affirm.
Regarding issue number one, the trial court properly admitted the prior consistent statement. In our view the defendant’s extensive cross-examination of the witness (the former co-defendant) regarding his plea agreement amounted to an “implied charge against him of improper influence, motive, or recent fabrication,” § 90.801(2)(b), Fla. Stat. (1995), and the prior consistent statement was therefore properly introduced. See Chandler v. State, 22 Fla. L. Weekly S649, - So.2d -, 1997 WL 633729 (Fla. Oct. 16, 1997). Defendant argues that the case of Cortes v. State, 670 So.2d 119 (Fla. 3d DCA 1996), requires exclusion where, as here, the defendant asserts (a) there were two separate prior events giving rise to improper influence, motive, or recent fabrication, and (b) the prior consistent statement was given after the first, but before the second, of these prior events. See id. at 121. We conclude that the Florida Supreme Court decision in Chandler has sub silentio overruled Cortes’ analysis of the admissibility of prior consistent statements. Here the cross-examination of the witness implied that the witness had received a favorable plea agreement from the State and would therefore be motivated to testify favorably for the State. Defendant “could not thereafter prevent the State from rehabilitating [the witness’s] testimony by urging that another motive to fabricate existed earlier.” Chandler, 22 Fla. L. Weekly at S653, - So.2d at -, 1997 WL 633729.
Regarding issue number two, as to whether or not Coney v. State, 653 So.2d 1009 (Fla.), cert. denied, — U.S. -, 116 S.Ct. 315, 133 L.Ed.2d 218 (1995), should apply in connection with the defendant’s physical absence during a sidebar conference where juror challenges were exercised, we find that the Coney decision does not apply to the instant case where this Court has held that “Coney is inapplicable as its application is prospective only, 653 So.2d at 1013, and [the defendant’s] trial took place prior to the effective date of Coney.” Henderson v. State, 679 So.2d 805, 808 (Fla. 3d DCA 1996)(footnote omitted), affirmed, 698 So.2d 1205 (Fla.1997).[1]
*1243 As to the appellant’s remaining points, we find them to be without merit and, accordingly, do not specifically address them herein.
Affirmed.

. Similarly, in the instant case, the defendant’s trial occurred several months prior to the effective date of the Coney decision.