PER CURIAM.
We affirm the order denying David Talley’s rule 3.800(a) motion to correct an illegal sentence.
Talley entered a no contest plea and was sentenced on count I (fleeing) to fifteen years in prison; count II (reckless driving), ninety days in jail; count III (aggravated assault on a law enforcement officer), fifteen years in prison, consecutive to count I; count IV (aggravated battery on a law enforcement officer), thirty years in prison, consecutive to count III; count V (battery on a law enforcement officer), five years in prison, consecutive to count IV; count VI (aggravated battery on a law enforcement officer), thirty years in prison, consecutive to count V; and count VII (resisting officer with violence), five years in prison, consecutive to count VI. Talley challenges the consecutive sentences received on- counts III, IV, V, and VI.
On each of the four contested counts, Talley was charged under section 784.07, Florida Statutes, which reclassifies the degree of the offense where the victim is a law enforcement officer. Talley argues that section 784.07 is an enhancement statute and, therefore, the court could not order his sentences to run consecutively. See Boler v. State, 678 So.2d 319, 322 (Fla.l996)(recognizing that consecutive enhancement sentences are not authorized). See also Jackson v. State, 659 So.2d 1060 (Fla.1995).
In Boler, the defendant was sentenced to life in prison with a twenty-five year mandatory minimum for murder and a consecutive life sentence for robbery, with a three year mandatory minimum for use of a firearm. 678 So.2d at 320. Boler argued that the consecutive mandatory minimum sentences were improper and the Florida Supreme Court agreed. Id. at 324. The court observed that it has held “enhancement sentences arising out of a single criminal episode may not be imposed consecutively.” Id. at 322 (emphasis added). The court, however, also recognized that it “distinguished statutory sentences in which the legislature ha[s] included a minimum mandatory sentence, such as the sentences for capital crimes, from sentences in which there is no minimum mandatory penalty although one may be *842 provided as an enhancement through [another statute].” Id. (emphasis add-edXquoting Hale v. State, 630 So.2d 521, 524 (Fla.1993)). Boler’s mandatory minimum sentence for murder was statutorily required; however, the other mandatory minimum sentence for use of a firearm was authorized by an enhancement statute. Id. at 323. The court concluded that the legislature did not authorize consecutive enhancement sentences and, as a result, held Boler’s sentence was improper. Id. at 324.
The Florida Supreme Court has recognized that section 784.07 is a reclassification statute, not an enhancement statute. Mills v. State, 822 So.2d 1284, 1290 (Fla.2002)(concluding there is no double enhancement problem when sentencing a defendant convicted of battery on a law enforcement officer as a habitual offender because section 784.07 is not an enhancement statute).
Here, the statute prescribing the penalty for certain offenses against law enforcement officers includes the mandatory minimum sentence, without resorting to a separate enhancement statute. § 784.07(2), Fla. Stat. (2001); see Hale, 630 So.2d at 524 (distinguishing mandatory sentences under enhancement statutes from those under a statute authorizing punishment for the specific crime); see also Daniels v. State, 595 So.2d 952, 953-54 (Fla.1992)(same).
The consecutive sentences in this case are legal; thus, we affirm.
STONE, TAYLOR and MAY, JJ., concur.