3 So.3d 439 (2009)
Jonathan NODAL, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D06-1596.
District Court of Appeal of Florida, Third District.
March 4, 2009.
Carlos J. Martinez, Public Defender, and Maria E. Lauredo, Assistant Public Defender, for appellant.
*440 Bill McCollum, Attorney General, and Angel L. Fleming and Natalia Costea, Assistant Attorneys General, for appellee.
Before GERSTEN, C.J., and RAMIREZ, J., and SCHWARTZ, Senior Judge.
SCHWARTZ, Senior Judge.
The defendant appeals from convictions after a jury trial in a horrible and tragic double homicide case in which the sole arguable defense was insanity. Under the circumstances, which are almost identical to those in Dingle v. State, 654 So.2d 164 (Fla. 3d DCA 1995), it is clear that, as also in Dingle, the trial court erred in denying the defendant's motion to appoint an expert neuropsychologist to examine and testify on behalf of the defendant to counter the damaging testimony of a similar expert retained by the State. On the authority of Dingle, the judgment is reversed for further proceedings consistent herewith.[1],[2]
Reversed and remanded.
RAMIREZ, J., concurs.
GERSTEN, C.J. (concurring).
I agree with the majority's decision to reverse and remand Jonathan Nodal's ("the defendant") conviction and sentence for two counts of first degree murder. I write, however, to clarify the issue of the defendant's legal representation.
Here, the defendant retained private counsel. Before trial, he wanted to discharge his attorney. The trial court, however, did not allow the defendant to discharge his attorney.
Recently, the United States Supreme Court held that states are permitted to insist upon representation by counsel for those who are competent enough to stand trial but who still suffer from severe mental illness so they are not competent to conduct trial proceedings themselves. See Indiana v. Edwards, ___ U.S. ___, 128 S.Ct. 2379, 2387-88, 171 L.Ed.2d 345 (2008). Therefore, the trial judge was correct to insist that the defendant have representation.
However, as the majority mentions in footnote two, the defendant has an unqualified right to discharge his privately retained counsel. See Branch v. State, 952 So.2d 470, 484 (Fla.2006); Fratcher v. State, 842 So.2d 1044, 1046 (Fla. 4th DCA 2003). See also Jackson v. State, 979 So.2d 442 (Fla. 4th DCA 2008). Therefore, if the defendant again requests to discharge his privately retained counsel, the trial judge should honor his request. If however, the defendant is still competent to stand trial, but not competent to represent himself, the trial judge can give the defendant an opportunity to retain different counsel or appoint counsel to represent him. Branch, 952 So.2d at 484.
NOTES
[1] There is no other trial error.
[2] Although our disposition of the case makes it unnecessary to discuss the applications of these principles to the proceedings which have already taken place below, we point out that (a) absent special circumstances, a competent defendant has the unqualified right to discharge his privately retained attorney, see Branch v. State, 952 So.2d 470, 484 (Fla. 2006); Fratcher v. State, 842 So.2d 1044, 1046 (Fla. 4th DCA 2003); Foster v. State, 704 So.2d 169, 172-3 (Fla. 4th DCA 1997), and (b) such a defendant has a similar right to preclude his counsel  retained or court appointed  from raising an insanity defense, see Faretta v. California, 422 U.S. 806, 819, 834, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); Foster v. Strickland, 707 F.2d 1339, 1343 (11th Cir. 1983).