SCHWARTZ, Senior Judge.
The defendant appeals from convictions after a jury trial in a horrible and tragic double homicide case in which the sole arguable defense was insanity. Under the circumstances, which are almost identical to those in Dingle v. State, 654 So.2d 164 (Fla. 3d DCA 1995), it is clear that, as also in Dingle, the trial court erred in denying the defendant’s motion to appoint an expert neuropsyehologist to examine and testify on behalf of the defendant to counter the damaging testimony of a similar expert retained by the State. On the authority of Dingle, the judgment is reversed for further proceedings consistent herewith.[1],[2]
Reversed and remanded.
RAMIREZ, J., concurs.

. There is no other trial error.

. Although our disposition of the case makes it unnecessary to discuss the application of these principles to the proceedings which have already taken place below, we point out that (a) absent special circumstances, a competent defendant has the unqualified right to discharge his privately retained attorney, see Branch v. State, 952 So.2d 470, 484 (Fla.2006); Fratcher v. State, 842 So.2d 1044, 1046 (Fla. 4th DCA 2003); Foster v. State, 704 So.2d 169, 172-3 (Fla. 4th DCA 1997), and (b) such a defendant has a similar right to preclude his counsel — retained or court appointed — from raising an insanity defense, see Faretta v. California, 422 U.S. 806, 819, 834, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); Foster v. Strickland, 707 F.2d 1339, 1343 (11th Cir.1983).